English v. Waples.

in our opinion, the money should be paid to appellants, who are first in time with equal equities.

Reversed.[1]

ENGLISH v. WAPLES *et al.*

1. NOTICE: PRIORITY OF LIENS. A junior mortgage recorded prior to a senior mortgage is entitled to priority of lien, unless the junior mortgagee, and those claiming under him, had actual or constructive notice of its contents or existence; or such notice as was sufficient to put them, as reasonable men, upon inquiry, particularly if such inquiry would have led to a discovery of the rights of the senior mortgagee. And such notice is sufficient if imparted before the completion of a contract of purchase, or the payment of the purchase money, though not until after the terms of the contract have been agreed upon.

2. SAME: NOTICE TO AN ASSIGNEE. Where the second mortgagee had actual notice of the existence of a prior mortgage, which was recorded before an assignment of the second mortgage, it was held that the assignee was charged with notice.

*Appeal from Dubuque District Court.*

WEDNESDAY, APRIL 9.

ON the 8th of July, 1856, Waples and Walmsley made a mortgage on certain real estate, to secure a debt, then owing by them to the complainant, English. This mortgage was duly filed for record, July 7, 1858. These same parties (mortgagors,) on the 14th of October, 1856, mortgaged the same, with other lands, to Dennis N. Cooley. In October,

---

1857, Cooley assigned his mortgage to Samuels, who in February, 1859 assigned the same to Mason. The cause was heard on bill, answer, replication and proof, and a decree entered, giving the Mason (Cooley) mortgage priority, and complainant appeals.

*Wilson, Utley & Doud* and *F. E. Bissell* for the appellant.

I. The plaintiff's mortgage having been recorded in the county where the land in question is situated, before the assignment of the Cooley mortgage to Mason, who thereby had constructive notice of its existence at the time of the assignment to him, he is bound by such notice, unless a superior equitable right had been acquired by Samuels, his assignor, which passed to him.

II. The plaintiff has an equitable lien on the lands, as vendor, for the unpaid purchase money, and his deed of the land to Waples and Walmsley, specifying the amount of it, which was recorded immediately after its execution, was constructive notice to all the world of the existence of his lien, so that the subsequent mortgages, whether in the hands of the mortgagees or their assignees, should be subject to such lien. *Chapman* v. *Tanner*, 1 Verm. 267; *Austin* v. *Halsey*, 6 Ves. 475, 483; *Nain* v. *Prowse*, 6 Id. 672; *Hughes* v. *Kearny*, 1 Shoales & Lefroy, 132; *Bond* v. *Kent*, 2 Verm. 281; *Gibbons* v. *Baddall*, 2 Eq. C. Abr. 682 n; *Harrison* v. *Southcote*, 2 Ves. 389; *Walker* v. *Preswiche*, Id. 622; *Burges* v. *Wheat*, 1 Bla. 123; *Becket* v. *Cordley*, 1 Bro. C. C. 553; *Blackburn* v. *Greyson*, Id. 420; *Smith* v. *Hibbard*, 2 Dick. 730; *Cornell* v. *Simpson*, 16 Ves. 278; *Copper* v. *Spotswoode*, Tomlyn, 21; *Stafford* v. *Van Rensselaer*, 9 Cow. 316; *Garson* v. *Greene*, 1 John. Ch. R. 308; *Elliott* v. *Edwards*, 3 Bos. & Pul. 181; *Winter* v. *Ld. Anson* 3 Russell, 488; *Tompkins* v. *Mitchell*, 2 Rand. 428; *Thornton* v. *Knox's Executors*, 6 B. Monr. 74; *Williams* v. *Roberts et al.*, 5 Ohio, 35; *Ross* v. *Whitson*, 6 Yerger, 50; *Deibler*

v. *Barwick*, 4 Blackf. 339; *Dyer* v. *Martin*, 4 Scam. 148; 5 Ala. 363; 1 Smedes & M. 197; 6 Id. 286; 4 Mo. 263; 1 Texas, 326; *Boos* v. *Ewing et al.* 17 Ohio, 500; *Coombs* v. *Coombs*, 17 Id. 289; *Watson* v. *Wells*, 5 Conn. 468; *Patterson* v. *Johnson*, 7 Ohio, 225; *Aldridge* v. *Dunn et al.*, 7 Blackf. 249; *Young et al.* v. *Isett*, Morris, 460; *Pierson* v. *David*, 1 Iowa, 23; *Gilman* v. *Brown*, 1 Mason, 192; S. C., 4 Wheat. 256; *Manly* v. *Mason*, 21 Verm. 271; *Weed* v. *Beebe*, Id. 496.

III. Unrecorded instruments affecting real estate are valid against subsequent purchasers, with notice. Code of 1851, § 1211; *Dussuame et al.* v. *Burnett et al.*, 5 Iowa, 95; *Miller* v. *Chittenden et al.*, 2 Id. 315; *Bell & Co.* v. *Thomas*, Id. 384; *Blain* v. *Stewart*, Id. 378.

IV. The assignment by Samuels of the Cooley mortgage to Mason, was the assignment of a chose in action, and not the assignment of an estate; it was the assignment of a chattel interest; of a security; of an incident to the principal debt; and of course, is subject to the same equities and rights in the hands of the assignee as it would be in the hands of Cooley, the assignor. The mortgagee knew of the existence of the Plaintiff's mortgage, when he took his, and aside from the constructive and actual notices which his assignee and persons holding under him, had of its existence and his lien as vendor, they acquire no greater right than such assignor had. *Hall* v. *Rider*, 5 Cush. 231; *Zietler* v. *Bowman*, 6 Barb. 133; *Calkins* v. *Calkins*, 3 Ib. 305; *Green* v. *Hart*, 1 John. 580; *Jackson* v. *Bronson*, 19 Id. 325; *Wilson* v. *Troup*, 2 Cow. 195; *Runyan* v. *Merserau*, 11 John. 534; *Craft* v. *Webster*, 4 Rawle, 255; *Cooper* v. *Davis*, 15 Conn. 556; *Gardner* v. *Heartt*, 3 Denio, 232.

*T. M. Monroe* and *Ben. M. Samuels* for the appellee.

The title of a purchaser or incumbrancer who takes with

notice of a prior unrecorded sale or lien, shall be post-poned to such sale or lien; yet, if the latter put his conveyance upon record, and then · sell for a valuable consideration, to a *bona fide* purchaser, who has no notice, the latter shall have priority over the first purchaser or incumbrancer. *The State of Connecticut* v. *Bradish*, 14 Mass. 296; 3 Sug. Ven. 260, and note 2; *Norcross' Executrix* v. *Widgery*, 2 Mass. 506; *Trull* v. *Bigelow*, 16 Id. 405; 1 Lomax Dig. 395; *Curtis* v. *Lane*, 6 Mumf. ; *Murray and Winter* v. *Ballou and Hunt*, 1 John. Ch. 565; *Damarest et ux.* v. *Wyncoop et al.*, 3 Id. 129; 2 Rob. Pr. 30; citing *Southal* v. *McKean*, 1 Wash. 336.

WRIGHT, J. ⸺ The mortgage to Cooley, though subse-quent in date, was filed for record ·before that to com-plainant. It is entitled to priority, therefore, unless Cooley, and those holding under him, had actual or constructive notice of its contents or existence, or such notice as was sufficient to put them, as reasonable men, upon inquiry, and particularly so, if such inquiry would certainly lead to a knowledge or discovery of the complainant's right or equity. And such notice would be sufficient if imparted before the completion of the contract, or the payment of the purchase money, though not until after the terms of the trade had been agreed· upon.

Guided by these familiar principles, we are constrained to hold that this decree is erroneous. The testimony satis-fies us that Cooley had actual notice of the mortgage to English, at the time he took his, and that Samuels had the same notice before he consummated his purchase. The tes-timony, it is true, is in some degree conflicting, but the decided preponderance is in favor of complainant's position. As to Mason, he is affected with constructive notice, for, at the time of his purchase, the English mortgage was re-corded. If he stands in the attitude of a purchaser, then he was bound to take notice of this mortgage, which was

made and recorded before he parted with his money, or negotiated his purchase. If he stand as an assignee of the mortgage, he is in no better condition. While the first mortgage was not recorded at the time Cooley and Samuels acquired their rights, yet, as they had actual notice, the transfer by Samuels to Mason, who, at the time, had constructive notice, could place the last holder in no better condition nor give him any greater equities than the first, or original mortgagee.

Reversed.