## Sims v. Hammond *et al.*

1. **Mortgage: ASSIGNMENT OF: NOTICE.** Where a mortgagee, with actual notice of a prior mortgage on the premises, assigns the same to a person having no notice thereof, such assignee will be deemed as charged with the notice which his assignor, the mortgagee, had, and as standing in no better situation.

2. —— The assignment of the mortgage is regarded as the transfer of a mere chose in action, and not an interest in lands.

*Appeal from Marshall Circuit Court.*

FRIDAY, FEBRUARY 23.

FORECLOSURE OF MORTGAGE. Defendant Teager pleads that he is the assignee of a mortgage made by his co-defendant Hammond, which he alleges to be prior and superior to plaintiff's mortgage, and asks a foreclosure, etc.

The cause was tried by the court, who made the following finding :

1st. It is found by the court as a fact that, on the 20th day of October, 1869, the defendant Geo. L. Teager filed his petition in the circuit court of the State of Iowa, held in and for Marshall county, Iowa, making defendants O. R. Hammond and Amos H. Reynolds, parties thereto, to foreclose the mortgage set forth in defendant Teager's answer in this cause (being the mortgage given by O. R. Hammond to Wm. D. Jones and assigned to said defendant Teager, dated the 12th day of October, 1868, and

recorded October 12, 1868, at 2 o'clock P. M.). In that suit C. R. Hammond was duly served and appeared but said Reynolds was not served and did not appear.

2d. It is found by the court that, on the 10th day of October, 1868, Wm. D. Jones was the owner in fee of the mortgaged premises in controversy and sold the same to the defendant C. R. Hammond, and delivered him a deed therefor, and at the same time said Hammond delivered to said Jones a mortgage on the same premises to secure to said Jones a balance of the purchase-money of $800; and afterward, and on the 12th of October, 1868, the said Hammond, claiming that there was something wrong in the deed and mortgage, they were destroyed and a new deed and mortgage executed by the parties, which latter mortgage is the one foreclosed by defendant Teager, as herein stated, the said first deed and mortgage not having been recorded before it was destroyed; and on the 10th day of October, 1868, said C. R. Hammond made a mortgage (the one declared on in this suit by plaintiff, and a true copy of which is attached to plaintiff's petition) to Amos H. Reynolds. That said Amos H. Reynolds had full knowledge at the time his mortgage was made that defendant Hammond was about to purchase the premises of Jones, and was to give him a mortgage for the $800 to secure the purchase-money, and was present when the trade was made, and the deed from Jones to Hammond, and the mortgage from Hammond to Jones for the purchase-money were executed.

3d. That the deed from Jones to defendant Hammond, for the mortgaged premises, was dated October 10, 1868, and the mortgage from said Hammond to Jones was dated October 12, 1868, acknowledged on the 12th of October, 1868. The deed to Hammond and mortgage to Jones were acknowledged and delivered at State Centre, 16 miles from Marshalltown, the county seat of Marshall county, Iowa, October 12, 1868.

4th. That on the 10th day of October, 1868, said C. R. Hammond executed and delivered to Amos H. Reynolds a mortgage on the same premises, the one upon which plaintiff Sims now brings suit; said Reynolds, knowing said mortgage to Hammond had been made and was to be delivered when the deed was delivered; and said mortgage from defendant Hammond to said Reynolds, and the said deed from the said Wm. D. Jones were duly recorded October 12, 1868, at 1 o'clock, P. M., in the office of the recorder of deeds of Marshall county, Iowa; and the mortgage from the said Hammond to the said Wm. D. Jones was duly recorded in the office of recorder of deeds, on the 12th day of October, 1868, 2 o'clock, P. M.

5th. That George L. Teager, the defendant, purchased of Wm. D. Jones the mortgage given by said Hammond to said Jones, on the 29th day of December, 1868, as shown by the assignment thereof attached by copy to the answer of said Teager; and the plaintiff, Wm. Sims, purchased the mortgage given by said Hammond to said Reynolds, the 10th day of January, 1869, as shown by the assignment attached to plaintiff's petition; and each of them purchased in good faith and without notice, except as shown by record of said mortgages and deed as above stated.

6th. The court finds that on the 8th day of February, 1870, said defendant Teager obtained a judgment and decree of foreclosure in the circuit court of Marshall county, Iowa, against said C. R. Hammond, foreclosing his mortgage and directing a sale of. the premises, and the amount found due was $986.66, and costs taxed          , which said judgment and decree are just, as against said Hammond, and have not been paid, and said judgment and decree are still subsisting against said Hammond, defendant. There is due from said Hammond, defendant, the sum of $500 on the mortgage set forth in plaintiff's petition, and plaintiff is entitled to recover $55 attorney's fees.

The court finds as a conclusion of law that the decree, in the case of George L. Teager against C. R. Hammond and Amos H. Reynolds, is not binding on said Reynolds and plaintiff, said Reynolds not having been served or appearing.

2. The court finds as a conclusion of law that the plaintiff's mortgage, having been first recorded and purchased by him in good faith, takes precedence over the mortgage held by defendant Teager, and the plaintiff has priority; and that a decree be rendered foreclosing plaintiff's mortgage against defendants C. R. Hammond and George L. Teager, and that special execution issue and the mortgaged premises be sold and the proceeds applied first in payment of the plaintiff's judgment and costs and any balance remaining applied in paying the amount due said defendant, George L. Teager, as shown by decree rendered February 8, 1871, and that plaintiff have judgment against C. R. Hammond for $      , costs.

To all of which findings and conclusions of law the defendant George L. Teager did then and there and at the time of the finding duly except and asked his exceptions to be made part of the record which was done.

H. HUDSON,
*Judge 1st circuit, 11th judicial district.*

A decree of foreclosure was thereupon entered in accordance with the findings. Teager excepted and appeals.

*Boardman, Brown & Williams* for the appellant.

The deed evidently did not take effect till delivery, and the presumption is that it was not delivered till recorded. See *Wade* v. *Carpenter*, 4 Iowa, 361.

When plaintiff purchased he had notice of record of defendant's mortgage made by Hammond to Jones, and also that said mortgage was for the purchase-money. He was not, therefore, a *bona fide* purchaser. See *Jackson* v.

*Post,* 15 Wend. 588; *Fort* v. *Bench,* 5 Denio, 187; *English* v. *Waples,* 13 Iowa, 57. Directly in point. *Stafford* v. *Rensselaer,* 9 Cow. 316; *Jackson* v. *Livingston,* 10 Johns. 374; *Miller* v. *Bradford,* 12 Iowa, 14; Washburne on Real Property, 630; Story's Equity, § 403.

Plaintiff's assignor had notice, and plaintiff took no better right than his assignor, unless he got his assignment recorded, and he, when he purchased, had notice also. See *English* v. *Waples, supra.*

Under the assignment, plaintiff would only take the interest his assignor had in the mortgaged premises, and although a purchaser for value and *bona fide* he takes it subject to all equities. *Andrews* v. *Toney,* 1 McCarter (N. Y.), 355; see vol. 35 U. S. Dig. 374; *Hartly* v. *Fortham,* 10 Bosw. 273; *Bowlingy* v. *Foster,* 17 La. An. 121; *Rose* v. *Kimball,* 1 Green, 185.

*Henderson & Merriman* for the appellee.

MILLER, J. — I. The decree in this case must be reversed. Teager's mortgage, under the facts found, is entitled to priority. While it is found that plaintiff's mortgage was first recorded, it is also found that his assignor — the mortgagee under whom he claims — had actual notice of the defendant's mortgage. Plaintiff's mortgage being first recorded would have priority unless his assignor at the time he took his mortgage had actual notice of appellant's mortgage. *English* v. *Waples,* 13 Iowa, 57. The court distinctly finds that he had such notice.

It is argued, however, by appellee that appellant's mortgage being dated two days later than plaintiff's is not prior in fact. But the finding of facts shows that on the 10th of October, 1868, Hammond bought the mortgage premises of Jones, from whom he then obtained a deed, and to whom he then, on the 10th, made a mortgage; that Reynolds, the assignor of plaintiff, was present when this deed and mortgage were made, and after-

ward, on the same day, with knowledge thereof, took the mortgage from Hammond under which he claims. That the deed from Jones to Hammond, and the mortgage by the latter to Jones, were afterward, on account of some mistake, destroyed, and a new deed and new mortgage executed, did not change or alter the rights of the parties. The taking of the second mortgage was no waiver of the first. It was made for the same debt, namely: The balance of the purchase-money for the land, and, under the circumstances, related back to the time of the execution of the first. *Burdett* v. *Clay*, 8 B. Mon. 287 ; *Gregory* v. *Thomas*, 30 Wend. 22. The lien attached when the original mortgage was delivered, and will continue, unless released, until the debt is paid. *Packard* v. *Ringman*, 11 Iowa, 219 ; *Vannice* v. *Bergen*, 16 id. 555. See, also, Story's Eq. Pr. 1035 *e ;* 1 Hilliard on Mort. (3d ed.) 482. The destruction of the first mortgage, and the making of the second, would not operate as a release, unless such was the intention, which is not shown to have been the case, but the contrary clearly appears by the facts found.

II. It is insisted, on part of appellee that, though Reynolds had actual notice of the mortgage to Jones, the one now held by appellant, that the plaintiff purchased it in good faith, relying upon the record which showed that the Reynolds' mortgage was recorded prior to the one to Jones.

The assignment of the mortgage by Reynolds to plaintiff was the assignment of a chose in action, and not an interest in lands. The mortgage was a mere chattel interest, and, though assignable, the assignee stands in no better situation than did the mortgagee, his assignor. The plaintiff purchased his mortgage and parted with his money after defendant's mortgage was recorded, and could, therefore, be in no better situation than his assignor, and could claim no greater or other equities. See *English* v. *Waples*, *supra*, which expressly decides this doctrine.

The decree of the circuit court will be reversed, and the

cause remanded, with directions to that court to render a decree in accordance with this opinion.

Reversed.