PARMENTER v. OAKLEY ET AL.

1. **Mortgage:** UNRECORDED ASSIGNMENT: DEALER WITH MORTGAGE WITHOUT NOTICE PROTECTED. B. held a mortgage on the land in question, and by an oral assignment he transferred it, with the notes secured, to P. as collateral security. The mortgage record did not disclose the transfer. Afterwards, to induce L. to accept a second mortgage on the land, B. orally agreed with L. that the second mortgage should be the first lien. L. had no actual notice of the assignment of the first mortgage. *Held* that, inasmuch as P., by neglecting to have his assignment recorded, warranted L. in believing that B. still owned the first mortgage, he was bound by B.'s agreement, and that L.'s mortgage was properly given the priority.

*Appeal from Linn Circuit Court.*

WEDNESDAY, JUNE 23.

ACTION in chancery to foreclose a mortgage upon lands. There was a decree of foreclosure and a judgment rendered against the mortgagor, but the decree provided that a mortgage held by defendant Lathran was a lien upon the lands paramount to plaintiff's mortgage. From this provision of the decree the plaintiff appeals.

*Thompson & Lanning,* for appellant.

*W. F. Fitzgerald,* for appellees.

BECK, J.—I. The following facts are shown by the pleadings and an agreed statement of facts filed in the case. The mortgage in suit was executed by Oakley and wife to Bixby, conveying the undivided one-half of a town lot. On the day of its execution the mortgage, and the notes secured by it, were transferred by a verbal assignment to the plaintiff, as collateral security upon a promissory note of Bixby held by plaintiff. The transfer was not entered or noted upon the record of the mortgage. Subsequently Bixby executed the mortgage under which Lathran claims upon the lot in question, and therein agreed that it should be prior to the mortgage executed to him and transferred to plaintiff. Bixby and Oakley each owned an undivided one-half of the lot. Lathran had no knowledge of the verbal transfer of the mortgage to plaintiff, and the plaintiff had no knowledge of the agreement of Bixby that the second mortgage should be paramount to the first.

Briefly stated, the following facts are presented by the abstract. The mortgagee, Bixby, agreed with defendant Lathran that his own mortgage should be inferior to a second mortgage executed by him to Lathran, who had no actual or constructive notice of the transfer of the mortgage by Bixby. In the absence of a transfer by Bixby, he, of course,

could by the agreement defer the lien of the mortgage. The question is presented whether, in the absence of a record of the transfer, or of knowledge thereof by Lathran, the agreement of Bixby would have the effect to defer the lien of the mortgage as against plaintiff.

This court has held that the transfer or assignment of a mortgage, like other instruments affecting real estate, is invalid against a subsequent purchaser or mortgagee without notice, unless it be recorded. *Bowling v. Cook*, 39 Iowa, 200. So we have held that the assignee of a junior mortgage cannot redeem from the sale of the land under a foreclosure of a senior mortgage, wherein notice was given to the mortgagee of the junior mortgage, but no notice was given to the assignee. *Reel v. Wilson*, 64 Id., 13.

The doctrine of these decisions is applicable to the case at bar. The mortgage, in the absence of any transfer shown by the record, is presumed to be owned and controlled by the mortgagee, and all men may deal with the mortgage or the land, resting upon this presumption, in the absence of actual knowledge of the assignment of the mortgage. The policy of our registry laws is that the records shall disclose the true condition of lands as to title and incumbrances. These laws are for the protection of all concerned in lands, and they should and do apply to transfers of mortgages as well as to the mortgages themselves. It is no greater hardship to require the assignee of a mortgage to record the assignment than to require the mortgagee to record his mortgage. The record in both cases is equally demanded for the protection of persons having dealings with the land. *Vandercook v. Baker*, 48 Iowa, 199, and other cases cited by plaintiff's counsel, are not in conflict with the views we have expressed.

We reach the conclusion that the agreement of Bixby operated to defer the lien of plaintiff's mortgage to the mortgage of defendant Lathran, and that the decree of the circuit court is correct. ' AFFIRMED.