POWERS v. LAFLER ET AL.

73 283
119 138
e119 139

1. **Mortgages: PRIORITY: RECORD: NOTICE.** Both of the mortgages in question were executed on the same day, but defendant's was first executed; and both were filed for record on the second day after execution, but plaintiff's was first filed. Plaintiff's mortgage was made, accepted and filed with notice to the mortgagee, plaintiff's assignor, of defendant's senior mortgage, and with the intent to give to such mortgagee a fraudulent prior lien. After both mortgages had been recorded, and before plaintiff's mortgage was due, he purchased it for value, in good faith, and without actual notice of the prior execution of defendant's mortgage. *Held* that, as both mortgages bore the same date, there was nothing in the record at the time of plaintiff's purchase to charge him with constructive notice of the prior execution of defendant's mortgage, and that plaintiff's mortgage was entitled to priority in equity. (See opinion for cases distinguished.)

*Appeal from Carroll Circuit Court.*

THURSDAY, OCTOBER 27.

ACTION to foreclose a mortgage. The defendant M. B. Minchem pleaded that she was the owner of a mortgage upon the same premises, and that her mortgage was senior and paramount to the plaintiff's mortgage. The court held the plaintiff's mortgage to be paramount, and the defendant Minchem appeals.

*Geo. W. Paine* and *F. L. Boynton,* for appellant.

*J. C. Engelman,* for appellee.

ADAMS, CH. J.—The question as to the priority of the respective liens arose upon a demurrer by the plaintiff to the defendant Minchem's answer. The answer, in connection with the admitted averments of the petition, showed, in substance, that the two mortgages were executed on the same day, to-wit, the 7th day of July, 1883, and that they were both filed for record on the ninth day of the same month; that the defendant's mortgage was executed first, but the plaintiff's was first filed for record; that the plaintiff's mort

gage was executed to one G. H. Lafler, to secure a negotiable promissory note made to said Lafler, and that both the note and mortgage were for value sold and transferred to the plaintiff before due, but after the recording of both mortgages; that the note and mortgage to Lafler were executed with knowledge on his part of the mortgage now owned and set up by the defendant, and with intent on Lafler's part, and that of the mortgagee, that he should fraudulently obtain a prior lien.

It is not shown that the plaintiff had actual knowledge that the defendant's mortgage was executed first; but it is claimed that he is chargeable with knowledge by reason of the constructive notice imparted by the record. In *English v. Waples*, 13 Iowa, 57, it was held that a mortgage, junior in execution, but prior in record, did not have priority of the mortgage which was senior in execution. The facts were that the mortgage junior in execution, and the note secured thereby, were made to one Cooley, who sold and transferred the same to one Samuels, and the latter sold and transferred them to one Mason. Cooley had actual knowledge of the senior mortgage at the time he took the junior mortgage, and Samuels had such knowledge at the time he bought it. At the time that Mason bought it, both mortgages had been recorded, and it was held that he had constructive knowledge of the senior mortgage's priority. Whether that decision is based upon sound principles, or whether it can be reconciled with what is said in *Vandercook v. Baker*, 48 Iowa, 199, we need not determine. The record in the case of *English v. Waples* showed which mortgage was executed first. The record in the case at bar did not, as the mortgages bore the same date.

It is said, to be sure, that even such record was sufficient to put the plaintiff on inquiry; but we think not. There being nothing to indicate that his mortgage was not executed first, we think that he was not bound to go beyond the record. The defendant relies upon *Sims v. Hammond*, 33 Iowa, 368. In that case a mortgage, both senior in execution and prior in record, was held not to be paramount,

Powers v. Lafler et al.

though in the hands of a purchaser who had no other notice than the constructive notice imparted by the record. The priority of the mortgage, in that case, which was junior both in date and record, was based upon the fact that it was given as a substitute for a mortgage actually prior, as the mortgagee in the other mortgage knew. Upon what ground the priority was sustained as against the purchaser of the other mortgage, the plaintiff in that case, does not very distinctly appear. The court said: "The plaintiff purchased his mortgage, and parted with his money after defendant's mortgage was recorded, and could therefore be in no better situation than his assignor, and could claim no greater or other equities. (See *English v. Waples, supra.*)" The court must have thought that the record imparted constructive notice of the defendant's equities, and that, too, notwithstanding the record showed that the defendant's mortgage was junior both in date and record. It was claimed by the defendant's counsel in the case that the record showed that his mortgage was given for the purchase-money. There must, we think, have been some fact not disclosed by the opinion, which seemed to the court sufficient to bring the case within the rule of *English v. Waples*. At all events, we cannot hold that the record of two mortgages imparts constructive notice of the superior equity of the holder of the mortgage junior in record, unless there is something in the record which indicates that the mortgage junior in record was intended as a senior lien. We see nothing of that kind in the record of the mortgage in the case at bar, because the mortgages bore the same date.

The defendant contends that the plaintiff's demurrer is not sufficient in form. As we are of the opinion that the answer was demurrable, we should not be justified in scrutinizing very critically the form of the demurrer. The question between the parties seems to have been fairly tried. We think that the court did not err, and the judgment must be

AFFIRMED.