JOSIAH P. QUINCY, Appellant, v. NICHOLAS GINSBACH et al.

Recording Acts: ASSIGNMENT OF MORTGAGE. G. borrowed of D. The loan was evidenced by a note made to D.'s wife and secured by a trust deed naming her as *cestui* and D. as trustee. Mrs. D. never had any interest in the note or trust deed. D. sold the note to plaintiff. No evidence of the sale was recorded. Before maturity, G. obtained a loan of M. to pay off the D. note, and M. took a mortgage on the land. He did pay it to D. who then and there, alone, satisfied the trust deed and embezzled the money. *Held*, the fact that Mrs. D. did not join in the satisfaction can not avail plaintiff. It simply enables him to assert against M. whatever Mrs. D. could do; and she never had any equity in the land because she had no interest in the note.

*On Rehearing.*

MONDAY, OCTOBER 15, 1894.

*Ira T. Martin* and *Haines & Lyman* for appellant.

*P. Farrell* and *Argo, McDuffie & Reichmann* for appellees.

GRANGER, C. J.—This case is now before us on rehearing. It was originally considered with the case of *Livermore v. Maxwell* and three other cases, submitted together and determined in one opinion. The cases are reported in 87 Iowa, 705, 55 N. W. Rep. 37. The rehearing is only as to the one case, and it was granted because of a mistake of fact in the former consideration. As this opinion must necessarily be supplemental to the former opinion, because of the other cases considered therein, it will not be necessary to fully restate the facts, and we may in some particulars refer to the former opinion. Briefly, the facts are that the defendant Ginsbach applied to J. M. Dunn for a loan of money, and made a written application therefor,

which was forwarded to Jefries & Sons, in Boston,
Massachusetts, who arranged with the plaintiff to take
the securities when made. Ginsbach made his note
for fifteen hundred dollars to P. M. Dunn, due Novem-
ber 1, 1890, with interest at seven per cent. P. M.
Dunn, by writing thereon, assigned the note to John
Jefries & Sons; and John Jefries & Sons, in the same
way, indorsed it to the plaintiff. P. M. Dunn, in fact,
never had any interest in the note, her name being
inserted in the notes to aid J. M. Dunn in his negotia-
tions. To secure the payment of the note, Ginsbach
and wife made to J. M. Dunn, as trustee, a deed of
one hundred and sixty acres of land. In this deed,
Ginsbach and wife are made "party of the first part;"
J. M. Dunn, trustee, party of the second part; and
P. M. Dunn, party of the third part. The obligation
for payment is that the said "party of the first part
shall pay to the said party of the third part, his heirs
or assigns," etc. The obligation of the trustee is to
reconvey the premises "on full payment of the indebt-
edness." Before the maturity of the note, Ginsbach
obtained a loan of money from defendant Moreton,
and, with the money thus obtained, the note held by
plaintiff was paid to J. M. Dunn, without the knowl-
edge of plaintiff, and the money was retained by Dunn.
Dunn, at the time of the payment, entered of record a
satisfaction of the trust deed. To secure Moreton for
the loan, Ginsbach gave to him a mortgage on the land
in question. This action is to set aside the entry of
satisfaction of the trust deed entered by J. M. Dunn,
to have the deed adjudged a superior lien to the mort-
gage, and to foreclose his trust deed.

The district court denied to the plaintiff any relief.
On the former hearing in this court, we reversed the
judgment below wherein it refused a judgment and
foreclosure against Ginsbach and wife, and affirmed it
in so far as it denied to plaintiff relief against defend-

ant Moreton, the effect being to render the Moreton mortgage superior to the trust deed. By a reference to the former opinion, it will be seen that we assumed, as a fact, that the entry of satisfaction of the trust deed was by both J. M. and P. M. Dunn, when, in fact, it was alone the act of J. M. Dunn. It was this mistake of fact that induced us to grant the rehearing; and it is urged by appellant that, with this change of facts, he is entitled to his decree as against Moreton. The theory of appellant is, that he is an innocent purchaser of the note; and under our holding, in the former opinion, that J. M. Dunn was not authorized to receive payments before the maturity of the debt, if even then, the entry of satisfaction by him alone was without authority, of which Moreton must take notice under the terms of the trust deed. We are content with our reasoning in the former opinion with the facts as then understood, and hence appellant would be entitled to no relief against Moreton had P. M. Dunn joined in the entry of satisfaction of the deed. This means that appellant has not placed himself in a position, by observing the requirements of the recording act, to free himself from equities because of the acts or status of P. M. Dunn in the transaction. If it be said that wherein she would be protected, appellant may, all has been said that legally can be. Appellant had it in his power, by placing his assignment of record, to have rendered the trust deed valid as to him, notwithstanding the acts or status of the payee in the note. See *Parmenter v. Oakley*, 69 Iowa, 388, 28 N. W. Rep. 653, cited in the former opinion. It is said in that case that the "mortgage, in the absence of any transfer shown by the record, is presumed to be owned and controlled by the mortgagee, and all men may deal with the mortgage or the land, resting upon this presumption, in the absence of actual knowledge of the assignment of the mortgage." Now, it seems to us, in view of the record,

that Moreton, when he took this mortgage, did so subject to such rights or equities as P. M. Dunn possessed. Of the record he must take notice, and of extrinsic facts showing her without legal or equitable rights he was entitled to the benefit. Of course, without such rights, she could assert nothing as against Moreton; and, if she could not, no more can appellant, because of his failure to protect himself. Now, P. M. Dunn had no interest in the note, and never had. This is not a controverted point in the case. That Moreton did not know when he took the mortgage that P. M. Dunn had no actual interest does not change the rule. Appellant's rights are not measured by what he might suppose hers to be from the record, but by what they actually were. Because of his failure to bring himself within the rule whereby the record would protect him, his rights are made to depend upon actual facts. These considerations lead us to adhere to our former conclusion, and judgment will be entered accordingly. REVERSED.