BRAYLEY v. ELLIS ET AL.

71  155
93  575

1. **Mortgage:** PAYMENT TO MORTGAGEE AFTER TRANSFER OF NOTES: SALE OF MORTGAGED PREMISES: LIABILITY. Where the mortgagee of land transferred the secured notes before maturity, but did not assign the mortgage, and afterwards fraudulently, and without the knowledge of his assignee, received from the mortgagor, who was led to believe that he still owned the notes, a partial payment thereon, taking only a receipt therefor, and the mortgagor afterwards sold the land to another, *held*, in an action by the assignee to foreclose the mortgage, that he was entitled to recover, as against the mortgagor and the land, the whole amount of the notes, regardless of the partial payment so negligently made by the mortgagor.

*Appeal from Humboldt Circuit Court.*

WEDNESDAY, MARCH 9.

ACTION to foreclose a mortgage on real estate. Judgment for the plaintiff, and defendants appeal.

*A. E. Clarke*, for appellants.

*M. D. O'Connell*, for appellee.

SEEVERS, J.—The conceded facts are that the defendant Ellis, in February, 1882, executed a mortgage to the defendant Colby to secure two negotiable promissory notes. The notes were sold and assigned by Colby to the plaintiff before maturity, but no assignment of the mortgage was made of record or otherwise. The defendant Fuller purchased the property of Ellis. The defendants claim that Ellis paid

Colby $150 in part payment of the notes, without knowledge of the transfer to the plaintiff, and under the belief that Colby still owned both the notes and mortgage. They claim that Colby so stated and represented at the time the payment was made; but the fact is that the notes, prior to that time, had been assigned to the plaintiff. The evidence as to such payment is exceedingly conflicting, and the plaintiff claims that the preponderance is with him; but, if mistaken in this, he insists that he is still entitled to recover.

The appellants insist, if it be conceded that the payment was made as above stated, that this case comes within the rule established in *Bank of the State of Indiana v. Anderson,* 14 Iowa, 544; *McClure v. Burris,* 16 Id., 591; *Cornog v. Fuller,* 30 Id., 212; and *Bowling v. Cook,* 39 Id., 200. In these cases the mortgagee released the mortgage of record, and it was held that a subsequent purchaser or incumbrancer could well rely on the record, and govern himself accordingly. In this case we are asked to go a step further, and hold that a mere payment to the mortgagee extinguishes the mortgage to that extent. Ordinarily, the maker of a note, when he makes a partial payment thereon, sees that it is properly indorsed on the note. When this is done, it amounts to a partial satisfaction of the note and mortgage. In this case no such indorsement was made, and the mortgage remained wholly unsatisfied of record when the defendant Fuller purchased the real estate of Ellis. That Colby had the power to wholly or partially release the mortgage of record when the payment was made will be conceded; but he did not do so, nor was he asked to either credit the amount paid on the notes, or release the mortgage to that extent of record. Ellis, when he made the payment, relied on the statement of Colby that he owned the notes. Instead of having the amount paid credited on the notes, he claims he took a receipt for the money, stating that it was paid on one of the notes secured by the mortgage. If he had insisted on having it credited, Colby could not have done so, for the

reason that the note was not in his possession. We feel constrained to hold that the defendants must suffer the loss, if one in fact it is, because of the negligence of Ellis. If he had taken ordinary care, and insisted on what he was entitled to at the time he made the payment, his own rights would have been fully protected, and also those of the plaintiff, who it is conceded is an innocent holder for value. When Fuller purchased the real estate, the mortgage was in full force, and had not been canceled or satisfied, in whole or in part, of record. She had the power to protect herself fully by having the mortgage partially satisfied of record, or declining the purchase.

We think the judgment is right, and must be

AFFIRMED.