LOUISE ENGLERT v. JULIA WHITE *et al.*, Appellants.

**Principal and Agent:** LOAN BROKER.  A loan is made by one authorized to loan, made payable at his office, and payable to his principal, but defendants do not remember whether they knew this at the time.  He, alone, demanded payment, and his books of account show that he was receiving money for said principal from various persons and paying it to her on loans made for her.  He did not retain the note and was not authorized to collect anything on it.  The agent obtained an extension for defendant.  It is not shown that the principal knew of the keeping of said account or that it was claimed the broker was acting as her agent.  No estoppel is pleaded.  *Held,* payment made to said agent on said loan is not payment to his principal.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTHE, Judge.

FRIDAY, OCTOBER 12, 1894.

ACTION in equity to recover the amount due on a promissory note, and for the foreclosure of a mortgage given to secure its payment.  There was a hearing on the merits, and a decree in favor of the plaintiff.  The defendants appeal.—*Affirmed.*

*T. J. Trulock* for appellants.

*Power & Huston* for appellee.

ROBINSON, J.—The note in suit was made on the third day of March, 1888, by the defendants, Julia White and W. H. White, for the sum of nine hundred dollars with interest, and was payable one year after its date to the plaintiff, or order, at the office of Theodore Guelich, in Burlington, Iowa.  The payment of interest to the third day of March, 1892, is acknowledged by the plaintiff, and nothing more is indorsed on

VOL. 92 Ia—7

the note. The defendants allege that all of it has been paid excepting the sum of one hundred and fifty dollars, payment of which they tender. The decree of the district court gave to the plaintiff the amount claimed by her, and provided for the foreclosure of the mortgage. At the time the note was given, Theodore Guelich was engaged in the law, real estate, loan, and collection business. The defendants applied to him for a loan of money, and he furnished the desired amount, and took therefor the note and mortgage in suit. The plaintiff was unknown to the defendants in the transaction, excepting as her name appeared in the instruments signed. Her money was intrusted to her brother, G. H. Biklen, who acted as her agent; and when he had money belonging to her he took it to Guelich for investment. The money furnished to the defendants was obtained by Guelich of Bicklen. The note, when taken, was delivered to Bicklen, and by him kept. Guelich was not authorized to collect anything on the note, but, notwithstanding that fact, he notified the defendants when the note would be due, collected of them and receipted for the interest, told them he could extend the time for paying the note, and an extension was procured through him. In October, 1890, the defendants paid to him six hundred and ninety-eight dollars to apply on the note. Of that sum forty-eight dollars were for interest. In July, 1892, they paid him one hundred and seven dollars, of which seven dollars were for interest due to that time. It does not appear that any of this money, except enough to pay the interest due to March 3, 1892, was ever accounted for to the plaintiff or her brother. Guelich died in February, 1893, and in March the plaintiff demanded of the defendants the payment of nine hundred dollars on the note. They contend that they never saw the plaintiff, and do not know her; that they supposed they borrowed the money of Guelich,

and did not know until after his death that Biklen had the note. They insist that Guelich was the agent of plaintiff in making the loan and in receiving the money which they paid him to apply on it. The facts upon which they rely to establish that agency are: *First.* That the note was payable at the office of Guelich. *Second.* He, alone, demanded payment of it. *Third.* His book of account shows that he was receiving money on her account from various persons, and paying it to her, and on loans made for her. The defendants are chargeable with knowledge of the fact that the note was payable to the plaintiff. There was no reason for their not knowing it. Guelich read the note to them when it was signed, and it is not charged that he attempted to deceive them, nor that they could not read. They do not remember whether they knew at that time to whom the note was made payable. They paid Guelich twelve dollars to procure the loan, and were told by him that he could arrange for an extension of time, as the lady to whom the money belonged had no use for it. The fact that the loan was procured through Guelich did not authorize him to collect the money in the absence of the note properly indorsed, or other sufficient authority. It was said in *Draper v. Rice*, 56 Iowa, 115, 7 N. W. Rep. 524, and 8 N. W. Rep. 797, that "authority to sell a piece of property as agent, and take a note for it in the name of the principal, would not, of itself, include the authority to receive payment." The same rule must be applied to the making of loans. Mechem, Ag., sections 373, 817. Nor did the fact that the note was made payable at the office of Guelich authorize payment to him. He was never known as a banker, and his business did not justify the presumption that he was expected to receive the money. *Callanan v. Williams*, 71 Iowa, 363, 32 N. W. Rep. 383. The note in suit was made payable to the plaintiff, or her order, and has been in the posses-

sion of her agent continuously since that time. As Guelich had neither actual nor apparent authority to collect the note, money received by him, and not accounted for to the plaintiff, did not operate as a payment. It appears that he kept an account with the plaintiff which showed continuous dealings with her, and the collection of money on her account, and it is insisted that he was acting as her financial agent long before the loan in question was made; that she must have known that he was acting for her in collecting money of the defendants; and that they have been misled by the course pursued by her in connection with the note. It is not shown that either the plaintiff or her agent had any knowledge of the account kept by Guelich, nor that it was claimed that he was acting as her agent. An estoppel is not pleaded by the defendants. Their answer denies knowledge of the ownership of the note, denies that they are indebted on it to an amount exceeding one hundred and fifty dollars, alleges that they did not know that Guelich was not the owner of the note until after his death, and that he was the holder of the note, and in possession of it to the time of his death. As we have seen, the defenses pleaded in the answer are not sustained by the evidence. The decree of the district court is AFFIRMED.