ANDREAS BAUMGARTNER v. JOHN PETERSON, *et al.,* Appellants.

**Principal and Agent:** PAYING MORTGAGE DEBT AFTER ASSIGNMENT. G., who was not a banker, took a note and mortgage payable at his office and endorsed them to B., that fact being also shown on the mortgage record. B. annually presented the note at said office, was paid interest by G., endorsed it on the note and took it away. The maker of the mortgage made various payments upon it to G., mostly at the latter's house, and always without the production of note and mortgage. These payments did not reach the assignee of the mortgage. G. died insolvent and the assignee, in ignorance of his rights against the mortgagor, filed a claim for the note against G.'s estate, and, later, withdrew it. *Held,* the mortgagor must again pay the mortgage to said assignee.

*Appeal from Des Moines District Court.*—Hon. James D. Smyth, Judge.

Tuesday, January 29, 1895.

Action in equity to recover the amount of a promissory note, and to foreclose a mortgage on real estate given to secure its payment. There was a hearing on the merits, and a decree in favor of the plaintiff, as prayed. The defendants appeal.—*Affirmed.*

*Hedge & Blythe* for appellants.

*Kelley & Cooper* for appellee.

Robinson, J.—On the twenty-fifth day of August, 1886, the defendant John Peterson made his promissory note for the sum of five hundred and twenty-five dollars, payable one year after its date to Theodore Guelich, or order, at his office in Burlington, with interest at the rate of seven per cent. per annum, payable annually. To secure the payment of the note, which was given as a part of the purchase price of a lot in the city of Burlington, Peterson executed to Guelich a mortgage on the lot. The mortgage was duly recorded. A short time after the note and mortgage were given, and probably on the same day, Guelich sold them to the plaintiff for the sum of five hundred and twenty-five dollars, and indorsed on the note the following: "Pay to Andreas Baumgartner. Theod. Guelich." An assignment was written on the mortgage, in words as follows: "For value received, I do hereby assign and transfer this mortgage, as well as the note secured thereby, to Andreas Baumgartner. [Signed] Theod. Guelich." The same assignment was

also written on the margin of the record of the mort-
gage, and dated October 18, 1886. The note was not
paid at maturity, but it was presented at the office of
Guelich, where was paid and indorsed thereon, the
interest due for the first year. That was done each suc-
ceeding year, until an indorsement had been made on
the note for the interest of each year to August 25,
1892. The maker of the note and the plaintiff were
not acquainted with each other, and did not meet. All
the payments and indorsements were made by Guelich.
Peterson claims that he had no knowledge of the assign-
ment; that he paid the full amount due on the note to
Guelich; that the latter was authorized to receive pay-
ment; and that nothing remains due on the note. The
evidence shows that Peterson paid the note to Guelich,
and we are required to determine the effect of the pay-
ments so made. When the plaintiff purchased the note
and mortgage, he took them into his possession, and
never surrendered them to Guelich, nor authorized him
to collect money due; but, at the end of each year, the
plaintiff presented them to Guelich, and received the
accrued interest, and then took them away.

Peterson, to support his claim that Guelich had, at
least, apparent authority to receive payment, relies
upon the fact that the note made the office of Guelich
the place of payment, and the further fact that the
plaintiff there received the interest paid to Guelich,
and thus, it is claimed, ratified the acts of Peterson in
making payments to him. But the facts stated do not
alone show authority in Guelich to collect money on
the note. Nor do we think the evidence shows that
Peterson made payments to Guelich as the supposed
agent of the plaintiff only. It appears that, at the time
or soon after the note and mortgage were given, Guelich
gave to Peterson an account or pass book. The head-
ing was as follows: "John Peterson, in Account with

Theodore Guelich." On the debit side was entered a memorandum of the note, showing its date, amount, and the rate of interest it drew. On the other side were entered seventy-nine credits, on various dates, extending from September 23, 1886, to August 17, 1891, when the entry, "Bal. Cash, $3.60," was made, and below were written the words, "This settles everything in full." All the entries were in the handwriting of Guelich. Some of the credits were for money paid, and some were for work done. Nearly all of the payments were made at Guelich's house. Peterson did not ask that any of them be indorsed on the note, although it is probable that he believed that they were being applied on the note. But he must be charged with knowing that his note was made payable to Guelich or order, and that it was negotiable. He made the payments, without the production of the note, at his peril. *Tappan v. Morseman*, 18 Iowa, 499; *Brayley v. Ellis*, 71 Iowa, 156, 32 N. W. Rep. 254; *Security Co. v. Graybeal*, 85 Iowa, 547, 52 N. W. Rep. 497.

It is not shown that Guelich was engaged in the banking business. On the note in suit is printed his card, indicating that he was in the "land, law, and loan business." Therefore, the fact that the note was payable at his office did not authorize the payment of the note to him. *Callanan v. Williams*, 71 Iowa, 363, 32 N. W. Rep. 383; *Englert v. White*, 92 Iowa, 97, 60 N. W. Rep. 224.

In February, 1893, and before this action was commenced, Guelich died, insolvent. Some reliance is placed on the fact that, after the administrator of his estate qualified and entered upon the discharge of his duties, the plaintiff filed a claim against the estate for the amount due on the note, and it is said he stated that he had no claim against any one but Guelich for the

amount.    The plaintiff denies having made such a statement, and as to that is corroborated by a witness who was present when the statement is alleged to have been made.    The claim was filed against the estate by the direction of a son of Guelich, and was afterwards withdrawn.    The statements and acts of the plaintiff, which may be regarded as tending to show that he sought to hold Guelich's estate liable for the amount due on his note, occurred before he had ascertained his legal rights, and cannot justly be treated as admissions that Guelich was authorized to collect the note.    The plaintiff did not speak or understand the English language readily, and we are satisfied that he made some statements without fully understanding their import, and that he was sometimes misunderstood. The hardship of requiring Peterson to pay the amount due on the note a second time is to be regretted, but he, rather than the plaintiff, is responsible for it.    We conclude that the decree of the District Court is right, and it is *affirmed*.