NEWHALL SAVINGS BANK, Appellee, v. E. A. BUCK, Appellant, et al., Appellees.

**BILLS AND NOTES:** Negotiability—Void Agreement as to Jurisdiction. A promissory note is not rendered nonnegotiable by the inclusion therein of an agreement giving a justice of the peace jurisdiction irrespective of the amount due on the note.

**BILLS AND NOTES:** Negotiability—Omission of Revenue Stamps. The omission of revenue stamps from a promissory note does not destroy its negotiability.

**BILLS AND NOTES:** Payment and Discharge—Payment to Nonholder. Payment of a negotiable promissory note to one who is neither the holder thereof nor the agent of the holder is not binding upon the transferee and holder.

**PLEADING:** Issues, Proof, and Variance—Mutually Recognized Issues. Issues mutually recognized by the parties in the trial of a cause will be recognized on appeal by the appellate court.

**BILLS AND NOTES:** Payment and Discharge—Recovery of Abortive Payment. The maker of a negotiable promissory note who has paid the amount thereof to the original payee after the note had been twice transferred without the payment's being applied on the note, may recover of the first transferee the amount so paid, provided that said maker can show (1) that the original payee was said transferee's *agent* to receive payment, or (2) that said transferee *ratified* the payment to said original payee.

*Appeal from Benton District Court.*—JAMES W. WILLETT, Judge.

APRIL 1, 1924.

ACTION to recover on a promissory note against the maker

and indorsers, and a cross demand by the maker against the indorsers, to recover the amount paid to them on the note. From a judgment on a directed verdict for plaintiff against the defendants, and denying a recovery on the cross demand, the defendant Buck, the maker of the note, appeals.—*Affirmed in part; reversed in part.*

*Tobin, Tobin & Tobin,* for appellant.

*Nichols, Nichols & St. Clair, Barnes, Chamberlain, Hanzlik & Thompson,* and *Johnson, Donnelly & Lynch,* for appellees.

VERMILION, J.—The defendant and appellee Happel was, at the time of the transaction out of which this controversy arose, a dealer in farm machinery at Newhall. Under an arrangement which it is not necessary to set out or discuss in detail, the defendant and appellee Rommann, residing at Garrison, on March 30, 1920, sold to the defendant and appellant, Buck, a tractor belonging to Happel, taking in payment the note in suit. The note is for $1,525, is payable to the order of Rommann, is due June 1, 1920, and contains a provision to the effect that, in case of a suit, any justice of the peace may have jurisdiction to try, determine, and render judgment for the amount due thereon who would have jurisdiction if the amount were less than one hundred dollars, to the same extent as if the makers thereof appeared in open court and consented to such jurisdiction, notwithstanding that the same may exceed the sum last named.

Rommann indorsed the note in blank, and delivered it to Happel, and the latter, on April 15, 1920, transferred the note by indorsement to the plaintiff bank, and received credit for the amount of the face of the note on his account at the bank. Thereafter, and during April, Happel, by checks on the account, withdrew the amount, and his account was overdrawn. On June 3, 1920, Buck paid the amount of the face of the note to Rommann, knowing at the time that the latter did not have the note, but understanding that it was in Happel's hands. The amount so paid was never turned over to the plaintiff or applied on the note.

The plaintiff sued to recover of Buck, the maker, and Rommann and Happel, the indorsers, the amount due on the note.

Buck alleged in answer that the note was not negotiable, because of its provisions and the fact that it did not bear revenue stamps properly canceled, at the time of its negotiation to the bank, and that it had been paid to Rommann as Happel's agent, and prayed that, in the event that he was held liable for the amount due, he be given judgment against Rommann and Happel for the amount, and that he be subrogated to the rights of the plaintiff bank, as against Happel. The plaintiff in reply alleged that it was a holder of the note in due course, and that Buck, if he undertook to pay the note, paid it to one not having the note in his possession, and averred that the matters set up by Buck constituted no defense to plaintiff's right to recover. Happel answered, but on the trial made no defense.

We have not undertaken to set out all the pleadings, but only sufficient to indicate the issues involved and determined on the trial. The case proceeded to trial before a jury. At the close of all the evidence, Buck moved for a directed verdict in his favor, as against the plaintiff, and, in the event that that motion was overruled, for a verdict in his favor and against Happel. The plaintiff moved for a directed verdict in its favor against all the defendants. Happel moved that the counter-claim, cross-petition, or pleadings of Buck asking relief against him be dismissed. The court overruled the motion made on behalf of Buck, whereupon the latter asked that the issue as between himself and Happel be submitted to the jury. This was denied, and the court directed the jury to return a verdict in favor of the plaintiff and against all of the defendants for the amount due on the note.

Taking the case and issues as made by the pleadings and as tried and determined by the court, two ultimate questions are presented: (1) The question of Buck's liability to the plaintiff on the note; (2) the right of Buck, in case he is held liable on the note, to recover of Happel the amount paid to Rommann.

The determination of Buck's liability to the plaintiff on the note depends on whether the payment to Rommann was a payment of the note in the hands of the plaintiff.

The note was not, we think, rendered nonnegotiable by the above mentioned provision. Section 3060-a5, Code Supplement, 1913, expressly provides that a note otherwise negotiable is not

affected by a provision authorizing a confession of judgment if not paid at maturity. Before the adoption of the Negotiable Instruments Act, it had been held that such a provision, being void in this state, did not destroy the negotiable character of the note. *Tolman v. Janson*, 106 Iowa 455. The provision in the note in question giving a justice of the peace jurisdiction to render judgment for the amount due without regard to the size of the amount is equally void. Code Section 4477.

1. BILLS AND NOTES: negotiability: void agreement as to jurisdiction.

The omission to have the required revenue stamps affixed to the note and properly canceled at the time of its negotiation did not operate to destroy its negotiability. *Farmers Sav. Bank v. Neel*, 193 Iowa 685; *Richardson v. Cheshire*, 193 Iowa 930; *Udell Sav. Bank v. Hollingsworth*, 194 Iowa 440.

2. BILLS AND NOTES: negotiability: omission of revenue stamps.

It is a settled doctrine that the payment of a negotiable note to the payee, after its transfer and without requiring the production of the note, is not binding upon the transferee, if a holder in due course, except where the payee is the agent of the holder and authorized to receive payment. *City Bank v. Taylor*, 60 Iowa 66; *Brayley v. Ellis*, 71 Iowa 155; *Baumgartner v. Peterson*, 93 Iowa 572; *Smith v. First Nat. Bank*, 23 Okla. 411 (104 Pac. 1080, 29 L. R. A. [N. S.] 576, and note).

3. BILLS AND NOTES: payment and discharge: payment to nonholder.

That the plaintiff bank was a holder in due course is not open to question, under the undisputed testimony and the facts of the case. Buck claimed no fraud in the inception of the note, nor any want or failure of consideration. The only defense presented was payment at maturity to the payee. It is undisputed that, before maturity, the bank became the owner of the note for value. Since no defense existing prior to maturity is claimed, there was nothing as to which the bank was required to show want of notice on its part, in order to sustain its claim to be a good-faith purchaser, and hence there could be no facts or circumstances from which it might be found that an absence of notice was not shown, or which could make the question of its good faith a question for the jury.

The payment to Rommann could be binding on the plaintiff only in the event that he was authorized to receive payment as

its agent.   There is no evidence tending to show such agency or authority, and, indeed, appellant is not understood to so claim. The court properly directed a verdict for plaintiff and against the appellant, Buck.

Any doubt we might entertain as to whether the question of Buck's right to recover from Happel the amount paid to Rommann is properly in the case must give way before the fact that

4. PLEADING: issues, proof, and variance: mutually recognized issues.

it seems to have been treated by the parties as in issue, and to have been decided by the court. While we find no answer on behalf of Happel to Buck's claim to recover from him, the former, at the close of the testimony, moved that the "pretended counterclaim and cross-petition or pleadings on behalf of Buck asking relief in favor of Buck and against defendant Happel be each and all dismissed, for each and all of the reasons" given in the plaintiff's motion for a directed verdict. The latter motion was based largely upon the state of the proof.   It follows that Happel's motion to dismiss Buck's claim was also based upon an alleged failure of proof.   The motion of Happel does not appear to have been ruled upon; but, as has been said, a motion on the part of Buck to submit the question to the jury was denied. The greater part of the testimony related to the subject of Rommann's alleged agency for Happel.

Assuming, then, that the issue was in the case, we are of the opinion that it should have been submitted to the jury. Without discussing the testimony at length or in detail, it will

5. BILLS AND NOTES: payment and discharge: recovery of abortive payment.

be sufficient to say that there was a conflict in the evidence upon the question of the authority of Rommann to receive payment for Happel, and also upon the question of the latter's ratification of Buck's payment to him.   As to the latter proposition, it is said the note was out of Happel's hands, and, as he had no authority to receive payment, Happel could not ratify a payment to his alleged agent.   That is true as to the bank, but it is beside the question.   If Happel himself received the payment and failed to apply it on the note, he would be liable.   It is the claim of the plaintiff, as we understand, that he authorized Rommann to receive it as his agent, or ratified Rommann's act in receiving it, and is, therefore, liable.   That he might authorize

Rommann to receive money for him, or might ratify Rommann's act in so doing, so as to make himself liable for the amount, if it was misappropriated, without being himself authorized by the holder of the note to receive payment of it, is not to be doubted.

The debt was the debt of Buck. He was primarily liable on the note, and Happel's liability thereon, as between them, was but secondary. The mere fact that Buck, the maker, is required to pay the note, of course, gives rise to no right of subrogation as against Happel, the indorser. *Baker v. American Surety Co.*, 181 Iowa 634. Any liability on the part of Happel to Buck must depend on the payment to Rommann and proof of the latter's agency, or a ratification, and not alone on the fact that Buck is required to pay the note.

In the view taken of the case, it becomes unnecessary to consider the errors assigned on the rulings made on the admission of evidence. In only one instance complained of did the excluded evidence relate in any way to the rights of the bank, and in that, no possible answer to the question could have affected adversely the bank's right to recover.

The bank's judgment against appellant is affirmed. On the issue between appellant and the appellee Happel, the case is reversed and remanded. The costs in this court will be equally divided between appellant and Happel.—*Affirmed in part; reversed in part.*

ARTHUR, C. J., STEVENS and DE GRAFF, JJ., concur.