CHRISTINE A. DARIES, Appellee, v. HENRY B. HART et al., Appellants.

No. 41367.

June 24, 1932.

Rehearing Denied September 23, 1932.

Geo. H. Mayne, Geo. H. Mayne, 2nd, and James R. Leverett, for appellants.

Kimball, Peterson, Smith & Peterson, for appellee.

Faville, J.—On February 5, 1923, the appellants herein, some forty-seven in number, associated themselves together in what is denominated in this action a voluntary association, which was called the Franklin Trust. A trust agreement was executed at said time and duly filed for record in the office of the county recorder. Under the terms of said trust agreement it was provided in part:

"The undersigned, hereinafter referred to as the investor, and others, desire to make joint investment of their funds, and for that purpose associate themselves together by entering into identical contracts with Henry B. Hart, hereinafter referred to as the trustee, and establish what shall be known as The Franklin Trust, upon the following terms and conditions:"

Said trust agreement contained certain provisions with respect to the payment by the investors to the trustee of monthly payments, which were to be invested, and provision was made

1314

for the keeping of books, for meetings to be held by the investors, and other details.

Said trust agreement contained the following provision:

"The trustee shall invest the fund in safe securities or in real estate, real estate first mortgages, real estate contracts and bonds, and shall hold all instruments, papers and evidences of indebtedness at his office, subject to inspection by the investors at any reasonable time."

It appears that on or about July 2, 1925, certain lots in Beers Addition to the city of Council Bluffs were conveyed to Henry B. Hart, as trustee of the Franklin Trust.

On April 30, 1926, the said Henry B. Hart, as trustee of said Franklin Trust, executed the note in suit in the principal sum of $1,100, payable to the order of Ernest E. Hart (Incorporated). Said note was signed "Henry B. Hart, Trustee for Franklin Trust." To secure said note the said Henry B. Hart, Trustee for Franklin Trust, executed and delivered to the said Ernest E. Hart (Incorporated) the real estate mortgage in suit on said described lots. The mortgage was duly recorded.

On May 4, 1926, the said Ernest E. Hart (Incorporated) assigned and transferred said note and mortgage to Christine A. and Martha K. Daries, the assignment of said mortgage being filed for record on February 21, 1927.

On December 12, 1927, Martha K. Daries assigned her interest in said note and mortgage to the appellee.

On or about February 19, 1927, Henry B. Hart resigned as trustee, and on April 10, 1927, one Leverett was appointed as trustee to succeed said Henry B. Hart. A declaration of trust was executed by the said Leverett, which, among other things, recites:

"That whereas the following named parties hereinafter referred to as beneficiaries, are the actual and equitable owners of all of the property and assets of the Franklin Trust, of which Henry B. Hart was the trustee, in proportions as set opposite their names, to wit: Here follows a list of beneficiaries and their respective interests."

On February 28, 1927, Ernest E. Hart (Incorporated) was adjudged a bankrupt.

It also appears that during the time Henry B. Hart acted as trustee he paid the interest on said note and mortgage as the same became due, and after his resignation and the appointment of Leverett as trustee, the latter collected the rents from said real estate and paid the taxes thereon and the interest on said note and mortgage as the different installments became due, up to and including October 25, 1930.

It also appears that Leverett, as trustee, filed a claim in the bankruptcy proceedings against Ernest E. Hart . (Incorporated) and included the amount of said note and mortgage therein and said claim was allowed. It also appears that after the appointment of Leverett as trustee certain auditing committees were appointed by the appellants, who made audit of the affairs of the said Franklin Trust, and the report of such committees showed the note and mortgage in this suit to be an outstanding mortgage of said Franklin Trust. It also appears that on or about April 14, 1927, the said Leverett, as trustee of said trust, executed to the appellee a new mortgage to correct an erroneous description in the original mortgage.

1. The first question for our consideration is whether or not, under the terms of the trust agreement, the trustee had authority to execute the note and mortgage in question. The answer to this proposition must be found in the terms of the trust agreement, which in part provides as follows:

"The trustee shall have full power to invest, collect and reinvest the trust fund and for that purpose shall have full power as trustee to execute any and all conveyances, notes, mortgages, quittances, releases, leases or any contract with reference to any of the trust property."

There can be no question but that under the terms and provisions of this agreement the trustee was vested with authority to execute notes and mortgages with reference to the trust property. At the time that said note and mortgage were executed this trust agreement was in force and the title to the property was vested in Henry B. Hart as trustee of the said Franklin Trust. We hold that under the trust agreement Henry B. Hart had authority to execute the note and mortgage in question.

2. Appellants pleaded that there was no consideration for the execution of the note and mortgage in controversy.

Code Section 9440 provides that:

"All contracts in writing, signed by the party to be bound or by his authorized agent or attorney, shall import a consideration."

Under the record in this case the burden of proof rested upon the appellants to establish their defense of want of consideration. Their attempt to do so was chiefly by the introduction in evidence of the books of Ernest E. Hart (Incorporated), which, as we understand the record, had been obtained from the bankruptcy court. From an examination of the record we are satisfied that no sufficient foundation was laid for the introduction of the contents of these books in evidence. They were not identified by any person who had made any entries therein, or under whose direction any entries were made. There was no proof that the books were correct or that they truly reflected in any way the transaction in question. Nor was there proof that other consideration did not pass for the execution of the note and mortgage which might not have been in any way revealed by the record contained in these books, and which consideration is to be imported.

We reach the conclusion that the appellants failed in their proof to sustain the defense of a want of consideration. In so doing we have assumed, for the purpose of this appeal, without so deciding, that such defense, if established, would be available to these appellants as against the appellee, who is the present holder of said note and mortgage.

3. The appellants contend that the court erred in entering personal judgment against the individual members of the so-called Franklin Trust. In behalf of the appellants an answer was filed containing a general denial and the allegation "that the facts stated in the petition do not entitle the plaintiff to the relief prayed or constitute any cause of action against the answering defendants." The appellants' contention may be summarized to the effect that the note in question does not purport to bind them individually, that they did not assume liability thereunder, that they were not members of a partnership, and that the trustee had no power to contract indebtedness that would bind them. The so-called Franklin Trust is not a legal entity. It appears to be a voluntary association of individuals,

each of whom was party to the written trust agreement heretofore described. By said agreement Henry B. Hart was designated as a trustee to administer the affairs of said association under the terms and provisions of said trust agreement. It is apparent that Henry B. Hart, trustee, was the duly appointed agent of the individual members of this voluntary association and as their agent was clothed with the powers set forth in the said trust agreement, and among these was the power to execute notes and mortgages with reference to the property belonging to said association under said trust agreement. It is a general and familiar rule that a principal is bound by the acts of his agent within the scope of the agent's authority. Under the terms of the said trust agreement the said Henry B. Hart, trustee, had authority to bind the individual members of the association by the execution of notes and mortgages for the benefit of said voluntary association. As bearing on the question, under somewhat similar circumstances, see Bond v. O'Donnell, 205 Iowa 902; Collentine v. Johnson, 203 Iowa 109.

In the instant case the appellants contend in argument that the note in question is non-negotiable, and present the appeal upon that theory. Accepting this contention of the appellants', we are relieved from determining any question as to what might be the status of the parties under Sections 9478, 9479, 9480, and 9481 of the Code, and we make no pronouncement in relation thereto.

It follows that the decree of the district court must be—Affirmed.

WAGNER, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.