M. D. Holden, Appellant, v. Mary Batten et al., Appellees.

No. 41528.

December 13, 1932.

Frank E. Northrop, for appellant.

R. J. Organ, for Mary Batten, appellee.

Faville, J.—On January 30, 1928, the appellees Mary Batten

and her husband executed and delivered to one A. F. Smith a certain promissory note for the principal sum of $1,500 and secured the same by mortgage upon certain described real estate.

We shall refer to the Battens as though they were the sole appellees.

Said note and mortgage were made payable to the said A. F. Smith at his office in Council Bluffs. The mortgage was recorded on February 2, 1928. Thereafter, and at a date which does not appear in the record, Smith sold and indorsed said note to the appellant and also assigned said mortgage to the appellant, which assignment was duly filed for record on the 11th day of April, 1928. The note in question had interest coupons attached. After the said transfer of said note and mortgage to the appellant the same were placed by her in her safety deposit box, which was in the office of Smith. It appears, however, that the appellant was the sole person having access to said box and the papers contained therein. After said transfer of said note and mortgage the appellees paid certain interest payments thereon to said Smith, and it appears that the appellant thereafter secured the interest coupons from her safety deposit box and delivered the same to Smith. It also appears that in addition to the $1,500 loan, the appellees had made another loan with Smith in the principal sum of $600. On August 19, 1930, the appellee Mary paid to Smith at his office the sum of $1,663.27. $63.27 of this amount was interest, and the said $600 note which Smith then held was surrendered to her at said time. At said time Smith gave said appellee a receipt for the $1,000 payment. At the time said $1,000 was paid Smith did not have the note in suit in his possession, nor did he have access thereto. The appellee Mary paid the $1,000 without having said note produced and without making any demand that the same be produced, or that said payment be indorsed thereon.

The mere fact that Smith at the time gave the appellee a receipt for the $1,000 payment was some evidence, at least, to the effect that he did not then have the note in his possession to indorse the payment thereon. The assignment, being of record, was at least constructive notice that appellant was the owner of the mortgage.

The rule is well established in this state that one who pays a note without knowing that the person to whom he pays the same has possession thereof, and without demanding the production of the note, pays it at his peril, unless the payer is able to prove that

the person to whom he made payment is the agent of the holder of the note, with power and authority to receive such payment. Shoemaker v. Minkler, 202 Iowa 942; Ritter v. Plumb, 203 Iowa 1001; Wood v. Swan, 206 Iowa 1198; Carr v. Benjamin, 207 Iowa 1139; Moron v. Tuttle, 211 Iowa 584.

It is also a well established rule that under circumstances where the payment is made to one who does not have possession of the note, and it is claimed that the one to whom payment was made was the agent of the holder of the paper, clothed with authority to receive such payment, the burden of proof to establish such agency rests upon the person making the payment. See cases cited supra. See, also, Whitney v. Krasne; 209 Iowa 236, and cases cited therein.

It is also a rule recognized by this court that an agent who has authority to receive interest accruing on a promissory note does not, by virtue of such authority, have authority to receive payment on the principal of such note. Huismann v. Althoff, 202 Iowa 70: Moron v. Tuttle, 211 Iowa 584-589.

In this case the burden rested upon the appellees to establish the fact that Smith was the agent of the appellant, with authority from her to receive the $1,000 payment upon the principal of said note. The mere fact that the amount due on interest coupons had been paid by the appellee to Smith and the coupons later produced by the appellant and turned over to Smith for delivery to the appellees is not, under our holdings, sufficient to establish the fact of agency to receive the principal of said note. The final question for determination in this case is whether or not, under the record, the appellees have carried the burden of proving that Smith was the accredited agent of the appellant, clothed with power from her to receive in her behalf the $1,000 payment upon the principal of said note at the time it was paid. To sustain their contention in this regard the appellees offered the appellant as a witness, and her testimony is to the effect that, while it was true that Smith collected the interest payments that were made to him by the appellees and that appellant later procured the interest coupons and delivered the same to Smith for surrender to appellees, she consistently insists that at no time did she clothe the Smith with any authority to collect any portion of the principal of said note. Smith was not offered as a witness.

After the close of the testimony the appellees obtained leave of court to reopen the case for the introduction of further testimony. and then produced certain books of account of Smith. These books

were obtained from the referee in bankruptcy, Smith having been adjudicated a bankrupt in the meantime. A bookkeeper was produced as a witness, who testified that she made a part, at least, of the entries in the books, but denied that she had any personal knowledge whatever as to the accuracy of the entries made by her. She claimed, in the main, that she made these entries from memoranda or other data that had been furnished to her by Smith or by some other employee. The purport of these books was to show a running account kept in the books of Smith with the appellant, and to show entries therein which it is claimed purported to show that Smith had collected the principal of notes belonging to the appellant in other instances. There was no proof that the books were correct or that they truly reflected in any way the transactions therein referred to. The witness who identified them had no personal knowledge whatever of the correctness of the entries and was merely a copyist, who placed in the books copies of memoranda that were furnished to her by others. As bearing on this question, see Daries v. Hart, 214 Iowa 1312.

Even if it be true, which the record does not establish, that Smith was a duly authorized agent to collect principal for the appellant as to other notes, this of itself and standing alone would not be sufficient to establish agency on the part of Smith to collect every note that might be owned by the appellant. It is to be observed at this point that the appellees make no claim whatever of any holding out by the appellant of Smith as her agent to collect said note. If appellant had other dealings with Smith the appellees make no claim that they knew of the same or that they had any reason to believe that by reason thereof Smith was the agent of appellant with power to collect the principal of the note in suit.

There is no claim whatever of agency on the theory of estoppel or holding out or an ostensible agency. Appellees are forced to rely upon the *fact* of agency on the part of Smith to collect the principal of the note in suit. That fact is denied by appellant; there is no testimony from Smith in regard to the matter; and we are forced to the conclusion that the appellees failed to carry the burden resting upon them to so establish the fact of the agency of Smith.

There is another circumstance proper to be considered in this connection, and that is that the payment of the $1,000 to Smith by the appellees was not made at a time when either the note itself

or any interest coupon was due thereon. It must be remembered throughout that the burden rested upon the appellees to establish the fact that Smith was authorized by the appellant to receive the payment of principal on the note in question. There is a failure of proof to show that Smith had any authority whatever to receive payment of a portion of the principal of said note at any time, and especially is there an entire failure to show authority on the part of Smith to receive a partial payment of the principal of said note at a time when neither the principal nor any interest thereon was due. As bearing on the question of the payment at a time when neither the principal nor the interest was due, see Clayton County State Bank v. McMorrow, 209 Iowa 165.

We have searched the record with great care, and fail to find wherein the appellees have carried the burden imposed upon them to show that the $1,000 payment made at the time and under the circumstances in which it was made, was in fact made to the appellant because made to one authorized by her to receive such payment.

We do not deem it necessary to continue the discussion further. Under the record in this case, the burden rested upon the appellees to establish the fact that the said Smith was the agent of the appellant, clothed with authority from her to receive the $1,000 payment on the principal of said note at the time that the same was paid to Smith by the appellees. We think that the appellees have failed to carry said burden, and that the court erred in its conclusion in finding that the appellant was bound to credit said $1,000 payment upon said note.

It follows that the decree of the lower court must be, and it is,—Reversed.

STEVENS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.