FISHER v. THE SCHILLER LODGE.

1. **Principal and Agent**: WHO IS NOT AN AGENT. If a debtor employs an agent to carry money to his creditor, the creditor, by accepting the money, does not make the messenger his agent so that, if at another time the messenger should appropriate the money, the loss would be that of the creditor and not of the debtor.

*Appeal from Dubuque Circuit Court.*

THURSDAY, APRIL 10.

THE plaintiff claims of the defendant six hundred dollars and interest, and alleges that the decedent, her husband, while in life, was a member of the Schiller Lodge, No. 11, Independent Order of Odd Fellows, of Dubuque, and complied fully with all the requirements laid down in the charter, by-laws and rules of said association; that the articles of incorporation, by-laws and rules of said corporation provide that, upon the death of a member who has complied with the charter,

by-laws and rules, there shall be paid to his personal repre-
sentatives the sum of five hundred dollars, together with the
expenses of his last sickness. The answer denies all the alle-
gations of the petition. There was a jury trial, and a verdict
and judgment for plaintiff for five hundred and forty-eight
dollars and seventy-five cents. The defendant appeals.

*Fouke & Lyon*, for appellant.

No argument for appellee.

DAY, J.—The constitution of the defendant provides that
any member who may be indebted for three months' dues
shall be suspended from all pecuniary benefits
for one month after paying said amount. The
by-laws provide that each member of the lodge
shall pay weekly the sum of ten cents to the fund of the
lodge, and that upon the death of a member who is entitled
to benefits the trustees shall pay without delay, for the bene-
fit of the surviving family, the sum of one hundred dollars
out of the widows' and orphans' fund, and four hundred dol-
lars within three months after the death of such member,
fifty dollars of which shall be considered as funeral expenses.

1. PRINCIPAL
and agent:
who is not
an agent.

The pivotal question in this case is whether or not the
deceased, Louis Fisher, was indebted to the lodge at the time
of his death for three months' dues. The books of the lodge
show conclusively that at the time of his death Louis Fisher
was indebted for dues in the sum of three dollars and thirty-
five cents, or for thirty-three and one-half weeks. The tes-
timony of the plaintiff, in substance, is that on the evening
of September 6, 1875, her husband, not being able to go to
the lodge himself, handed her money to pay his dues, saying
it was two dollars and a half, and directed her to give it to
Sam Elemer to carry to the lodge, and if he were not going
to give it to plaintiff's brother-in-law (Duttle), and request
him to carry it to the lodge; that Elemer was not going to
the lodge, and plaintiff handed the money to Duttle, who

promised to deliver it to the lodge.   Duttle testifies that plaintiff handed him two dollars and fifty cents to take to Schiller Lodge to pay dues; that he received the money and went to the lodge, which was not open; that he then went into Shill's saloon to wait until the first man came in to go to the lodge; that Philip Durenberger came in, and witness handed him the money—told him it was two dollars and fifty cents from Mrs. Fisher to pay to Schiller Lodge; that Durenberger took the money and witness went away.

Durenberger denies that he ever received this money, and testifies positively that he never paid it to the lodge.

The jury found specially that Louis Fisher, at the time of his death, was not in arrears for three months' dues to Schiller Lodge; that the witness Durenberger, by the practice and approval of the lodge, was authorized and empowered by the defendant to receive on behalf of the lodge the weekly dues of its members, and that Fisher, in his life-time, paid to the lodge the dues claimed to be delinquent through Durenberger.   It is thus apparent that the jury found that Durenberger was the agent of defendant, authorized by the conduct and approval of defendant to receive dues, and that payment to him was payment to the defendant.   The verdict of the jury is entirely without warrant in the testimony.   Durenberger was simply the janitor of the lodge.   He was not even a member of Schiller Lodge.   He testifies as follows:   "My business is doing any kind of work that comes.   *   *   *   I have to attend to cleaning rooms, carrying water, making fires, and keeping the place clean.   *   *   *   *   *   During the time I have been discharging the duties of my office I have received sometimes, once in a while from all lodges, dues or money from different persons to be paid into Schiller Lodge, and have paid it in as dues.   I have sometimes, but not often, money from members of this lodge.   I have no right to take any money; no man has a right to give me any.   I do pay over some, but very little, because it is not my duty to do it."

It is apparent that Durenberger, whenever he received

money, received it merely as the messenger or agent of the member paying it. The lodge never did anything to ratify his authority to receive money except to receive the money when tendered in the lodge. If a debtor employs an agent to carry money to his creditor, the creditor, by accepting the money, does not make the messenger his agent, so that if at any time the messenger should pocket the money the loss would be that of the creditor and not that of the debtor. The record discloses a case exactly parallel to the one supposed. If Durenberger received the money he received it as the agent of Fisher, and his failure to pay it to the lodge is the misfortune of the plaintiff, for which the defendant cannot be held responsible.

REVERSED.