F. W. WOLFORD v. ANDREW A. YOUNG, Appellant.

**Payment:** APPARENT AUTHORITY OF AGENT.  A vendor of land who has the note and mortgage given for the purchase price made payable at the office of an investment company at which a note and mortgage for other land previously sold to the same purchaser

had been made payable, and to which company payment was duly made and forwarded by it to the vendor, cannot recover from the purchaser for money paid to such company on the second note and mortgage, although it is not forwarded to the vendor, and it did not, at the time of receiving the payment, have the note and mortgage. Especially when payment to such agent was not for the payer or his convenience, and where the agency, if not wholly needless, was used for the convenience of the payee.

*Appeal from Boone District Court.*—HON. S. M. WEAVER, Judge.

WEDNESDAY, MAY 18. 1898.

THE following is appellant's statement of the facts and the issues. On the ninth day of March, 1889, the appellee, who then resided and now resides in Boone county, Iowa, purchased of the appellant certain land in Boone county, and gave the appellant the note and mortgage in controversy in this action in part payment thereof; the said note being for the amount of four hundred dollars, and attached thereto in the usual form, interest coupons calling for twenty-eight dollars annual interest during the period of said note, being until 1894. The said note was made payable at the Wilson & Toms Investment Company, St. Louis, Mo. The appellant executed a deed for the land thus conveyed, and was at the time, and is now, a resident of Syracuse, N. Y. The negotiations for the sale and purchase of the land appear to have been conducted through one J. C. Hall, then a law partner of Hon. D. R. Hindman, of Boone, Iowa, The appellee, as the interest coupons became due, remitted to the Wilson & Toms Investment Company, at St. Louis, the amount due thereon, and received from them in the ordinary course of mail an acknowledgment of the same in the folowing form: "Central Trust Company, Oriel Building, Sixth and Locust streets, St. Louis, Mo. Dear Sir: Your favor for principal and interest is received, with inclosures. Papers

VOL. 105 Ia—33

will be sent as soon as received from the East. Central
Trust Co.  St. Louis, Feb. 25, 1894." During the time
of the existence of this company the above form was
used at each and every remittance by appellee, and
prior to that time the same form was used by the Wil-
son & Toms Investment Company, which was succeeded
by the Central Trust Company, by a reorganization.
Long prior to the making of the note and mortgage in
controversy herein, the appellee had purchased other
land in Boone county from the appellant, had given
a note and mortgage for part of the purchase price
thereof, and it had been made payable at and paid to the
Wilson & Toms Investment Company, St. Louis, Mo.,
except the last payment of interest and principal, which
was paid to the Central Trust Company, they having at
the time possession of the note, mortgage, and satis-
faction thereof.  In all the foregoing payments of inter-
est except the last on the four hundred dollar mortgage
note, the appellant remitted to the St. Louis company
the amount due, and they in turn remitted the same to
appellant, and he then sent the interest coupon to them,
and they in turn sent the same to the appellee.  In the
last instance, the payment of principal and interest in
the amount of four hundred and twenty-eight dollars,
the appellee sent the amount to the Central Trust Com-
pany, received the usual reply that the same had been
received, and that the papers would be sent as soon as
received from the East, but the Central Trust Company
failed to remit the amount, or any part of it, to the
appellant, and on the thirty-first day of May, 1894, made
an assignment to W. F. Leonard, the secretary of the
company.  This action was afterwards, on the ———
day of ———, 189—, begun by the appellee as plaintiff,
demanding that the note be canceled, and the mortgage
satisfied of record.  The appellant interposed his
defense, alleging that the note had not been paid, nor

the mortgage satisfied, and asking a foreclosure of his mortgage according to the terms thereof, and for judgment against appellee for amount of note, interest, and costs. The district court gave judgment for the plaintiff, and the defendant appealed—*Affirmed.*

*J. M. Goodson* for appellant.

*Crooks & Snell* for appellee.

GRANGER, J.—As we determine the case on the undisputed facts, we need not refer to questions presented as to the admissibility and competency of evidence. Appellant cites and relies on a rule of undoubted authority: "That, if a debtor owing money on a written security pays to or settles with another as agent, it is his duty, at his peril, to see that the person thus paid or settled with is in possession of the security. If not thus in possession, the debtor must show that the person to whom he pays or with whom he settles has special authority, or has been represented by the creditor to have such authority, although for some reason not in possession of the security." The rule has express sanction in this state. See *Security Co. v. Graybeal,* 85 Iowa, 543; *Fisher v. Lodge,* 50 Iowa, 459; *Draper v. Rice,* 56 Iowa, 114; *Tappan v. Morseman,* 18 Iowa, 500. So far as we know, the rule has the sanction of authority generally. But we think the facts of this case take it out of the rule stated. The defendant resided in the state of New York, and the business, on his behalf, in making the sale of both pieces of land to plaintiff, was done by one J. C. Hall at Boone, Iowa. We inquire for the mutual understanding of the parties when the sale was made. A long time prior to the transaction in question the defendant had sold to plaintiff another tract of land, and the notes had been made payable at the office of the investment company in St. Louis. The money for the

interest had been regularly sent to that office and from that office to the defendant, who returned the interest coupons, and, lastly, the note, to the investment company, who sent them to the plaintiff. The investment company was in no sense a necessary agency in the doing of the business, nor even a convenience. Its location was distant from both parties, so that the cause of its agency was a matter exclusively between it and the defendant. The payments there were not in any sense for or at the instance of plaintiff. The provision therefore must have been at the instance of defendant, and to subserve his purposes. The second transaction, out of which originated the note in question, was made in the light of the other, and it is not too much to say, as a matter of fact, that both parties must have understood, when the same terms were fixed as to the place of payment, that it would be observed as was the other, by the money being paid to the company, to be sent forward, and the securities returned through the same channel. If the parties so understood, it was a special authority for such payments to be made at St. Louis, and the defendant should be bound by them in the absence of notice to plaintiff to discontinue such payments. The conclusion of fact as to the authority seems fully warranted. If we are warranted in saying the provision as to payments being made at St. Louis was for the defendant, and it is a fact that he lived in New York, the question naturally arises, what was it for? If, because of business relations between defendant and the company, then defendant must have understood that the money would be sent there, and that the securities must be there for return to the plaintiff, or the company must take the money as it did, and send it to New York to get the securities for return to the plaintiff. That the company at St. Louis was the agent of defendant admits of no doubt, but that fact would not make a

payment to it binding, if it had not the securities, unless there was authority for such a payment; and we reach the conclusion that there was such authority, and that it was an agency purely in the interest of the defendant, in no way a necessity or convenience in the doing of the business between the parties; that plaintiff would naturally understand the money was to be sent there as payment, and that the parties acted in accord with such an understanding in carrying out the transaction. Nothing in the transactions justifies a conclusion that the plaintiff would or should have sent his money to the company at his risk, and it must have been understood, when the place was selected for payment, that the money would be sent there for that purpose. The judgment is AFFIRMED.