T. J. SHOEMAKER, Administrator, Appellant, v. FRANK C. NODLAND et al., Appellees.

BILLS AND NOTES: Payment—Non-surrender of Note. One who pays off a note and mortgage without requiring the production and surrender of the note acts *at his peril,* even though the record reveals no recorded assignment of the note and mortgage.

Headnote 1:   8 C. J. pp. 593, 598, 600; 41 C. J. pp. 67, 698, 699, 700.

Headnote 1:   3 R. C. L. 1289.

*Appeal from Marshall District Court.*—JAMES W. WILLETT, Judge.

DECEMBER 14, 1926.

Action in equity by the administrator of the estate of an assignee of a real estate mortgage, to foreclose said mortgage. The defendant pleaded payment of said mortgage to the original mortgagee, without knowledge of said assignment. No claim for personal judgment is made against appellees. Decree was entered dismissing plaintiff's petition.—*Reversed.*

*C. H. Van Law* and *James H. Van Law,* for appellant.

*F. M. Haradon,* for appellees.

FAVILLE, J.—The real estate in controversy in this action is located in Melrose Park, an addition to the town of Marshall. On April 19, 1917, the then owner of said premises, one Mead, and his wife executed and delivered the real estate mortgage in question in this cause to one J. D. Plumb, said mortgage being given to secure a note of like date, payable to said Plumb, in the principal sum of $700, due in three years from date. On April 20, 1917, said Plumb transferred said note and mortgage to appellant's decedent. On said date, Plumb executed and delivered to said decedent a duly executed assignment of said mortgage, which said assignment, however, was never placed of record. Appellant was appointed administrator of the estate of said Augustine on December 31, 1921, and the note and mortgage and assignment thereof came into his possession as part of the assets of the estate of said decedent. It appears that, at or about the time of the making of said conveyance to appellees, they caused the abstract of title to said premises to be examined by their attorney, who gave a written opinion in regard thereto, and in said opinion called attention to the fact of the outstanding mortgage of $700 against said premises in favor of J. D. Plumb. Thereafter, to wit, on or about May 7, 1923, the appellees paid to the said J. D. Plumb the amount due on said note and mortgage, and the said J. D. Plumb released the mortgage upon the margin of the record. The appellant gave no notice to the appellees that he was the holder of said note and mortgage until the institution of this action, which was some months after the appellees had paid the same to Plumb and had obtained the marginal release of the mortgage. The note and mortgage were not in the possession of Plumb at the time payment was made

to him by the appellees, but were at that time in the possession of the appellant. This case is ruled by *Shoemaker v. Minkler,* 202 Iowa 942, and *Shoemaker v. Ragland,* 202 Iowa 947. Appellees took title to the premises in question charged with both actual and constructive notice of the outstanding mortgage. They paid the same to the mortgagee, as shown of record, without demanding the production of the note and mortgage. They procured the release of the mortgage by Plumb, without requiring the production and surrender of the note and mortgage which they paid. They are not in the position of subsequent purchasers who relied upon the record of a prior release of an outstanding mortgage by the mortgagee, without notice of an assignment of the mortgage. In the instant case, the result is deplorable. The malfeasance of Plumb has placed the appellees in a very unfortunate situation. We cannot relieve them from it, under the record in this case, without doing violence to well established and salutary rules of law. The case falls within the rule of the *Shoemaker* cases, supra, and the authorities therein cited. In adherence to the rule announced therein, it of necessity follows that the decree of the district court must be— *Reversed.*

DE GRAFF, C. J., and STEVENS and VERMILION, JJ., concur.