T. J. SHOEMAKER, Administrator, Appellant, v. H. A. MINKLER, Appellee.

**BILLS AND NOTES:** Payment—Non-production of Note. One who
1 pays off a note and mortgage without requiring the production and surrender of the note *acts at his peril*, even though the record reveals no recorded assignment of the note and mortgage.

**MORTGAGES:** Assignment—Failure to Record. The assignee of a real
2 estate mortgage and the note secured thereby is under no legal obligation to record his assignment as to a person who buys the property *with particular reference to said note and mortgage.*

Headnote 1:  8 C. J. pp. 593, 598, 600.  Headnote 2: 41 C. J. pp. 698, 699, 700.

Headnote 1:  3 R. C. L. 1289.  Headnote 2: 19 R. C. L. 361.

*Appeal from Marshall District Court.*—JAMES W. WILLETT, Judge.

DECEMBER 14, 1926.

Four separate actions to foreclose mortgages upon distinct lots or parcels of real property were consolidated for trial in the district court. The trial resulted in a decree in favor of

the defendant, and the plaintiff appeals. The material facts are fully stated in the opinion.—*Reversed.*

*C. H. Van Law* and *James H. Van Law,* for appellant.

*E. N. Farber* and *H. C. Lounsberry,* for appellee.

STEVENS, J.—T. J. Shoemaker, appellant, is the administrator of the estate of J. H. Augustine, deceased, who, at the time of his death, was, by transfer and assignment from J. D. Plumb, the owner of the several notes and mortgages involved in this appeal. Pursuant to a real estate transaction between H. A. Minkler, appellee, and the said J. D. Plumb, the details of which are not here material, the former became the owner of several separate lots or parcels of real property in the city of Marshalltown, each of which was conveyed subject to a mortgage payable to the latter. These mortgages, as stated above, were all assigned by the mortgagee to decedent, who, for some reason, did not file the assignments in the office of the county recorder for record. The notes and mortgages came into possession of appellant at the time of his appointment as administrator of the estate of J. H. Augustine, but no demand was made for the payment thereof until the several actions included in this appeal were started, in September and October, 1923. The payment in full of the several notes to, and the release of the mortgages by, Plumb upon the margin of the proper records in the recorder's office are conceded. The answer of appellee set up as a defense that the payment of the notes was made without knowledge or notice on the part of appellee of the transfer thereof and the assignment of the mortgages to Augustine; that he relied upon the record of the mortgages, which showed them payable to Plumb, and upon the release thereof by him at the time final payment was made. He also alleged that he was deceived and misled by the failure of Augustine or appellant to record the assignments or to give him notice thereof, and that, because of all of said matters, appellant is estopped from foreclosing the mortgages.

The sole question for decision is: Was the payment by appellee of the several notes to Plumb, the payee named therein, bind-

*Marginal note:* 1. BILLS AND NOTES: payment: nonproduction of note.

ing upon Augustine or his administrator? Appellee was not the maker of the notes or mortgages, but was fully informed as to the existence thereof, and contracted with Plumb for the exchange of his farm for the city property covered, with particular reference thereto. The purpose of payment by him was, of course, to relieve the property from the incumbrances.

The law is well settled in this state that the payment of a negotiable promissory note to one other than the owner or his agent is at the debtor's risk. *Newhall Sav. Bank v. Buck,* 197 Iowa 732; *Leach v. State Sav. Bank,* 202 Iowa 265; *Sioux City Cattle Loan Co. v. Lovrien,* 198 Iowa 296; *Baumgartner v. Peterson,* 93 Iowa 572; *McCullough v. Reynolds,* 181 Iowa 1089; *Iowa Loan & Tr. Co. v. Seaman,* 203 Iowa ——. This, appellee does not deny. Neither the notes nor the mortgages were exhibited to appellee at the time they were paid to Plumb, who stated that they were at his home, and that he would secure and deliver them to appellee. It was the duty of appellee to demand the surrender of the notes at the time of payment. He relied 2. MORTGAGES: assignment: failure to record. upon the record, if at all, at his peril. This is true, notwithstanding the contention he now makes that the failure of the assignee to record the mortgage entitles him to the protection of Section 10105 of the Code of 1924. This section provides that:

"No instrument affecting real estate is of any validity against subsequent purchasers for a valuable consideration, without notice, unless filed in the office of the recorder of the county in which the same lies, as hereinafter provided."

Appellee was not a subsequent purchaser of the property for a valuable consideration. On the contrary, he purchased each separate tract or parcel in question with full knowledge of the mortgage incumbrances thereon. There is a statement in some of the decisions of this court that:

"The mortgage, in the absence of any transfer shown by the record, is presumed to be owned and controlled by the mortgagee, and all men may deal with the mortgage or the land, resting upon this presumption, in the absence of actual knowledge of the assignment of the mortgage." *Parmenter v. Oakley,* 69 Iowa 388.

See, also, *Farmer, Thompson & Helsell v. Bank of Graettinger,* 130 Iowa 469. The language quoted from the above

cases was used with particular reference to subsequent purchasers, and in neither was the right of the maker to make payment to the mortgagee disclosed by the record. The statute is clearly not applicable. In this connection, see, also, *Jenks v. Shaw*, 99 Iowa 604; *Central Tr. Co. v. Stepanek*, 138 Iowa 131.

Some reliance is placed by appellee upon the evidence tending to show that Augustine was a tax dodger, and that he withheld the assignments from record for the fraudulent purpose of concealing the extent of his taxable property. The most the evidence shows on this point is that Augustine, intentionally or otherwise, failed to disclose the full extent of his moneys and credits to the assessor. While this evidence may possibly have some slight bearing on the plea of estoppel, it is wholly insufficient in itself to defeat the foreclosure of the mortgages. There is no requirement of statute that mortgage assignments be placed of record in order to protect the assignee against the payment of the notes secured thereby to the assignor, who does not have possession thereof. The result, which is inevitable on the record before us, is indeed unfortunate.

It follows that the judgment and decree of the district court must be, and it is, reversed.—*Reversed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.