COMMERCIAL NATIONAL BANK, Appellant, v. S. ALLAWAY, Appellee.

JANUARY 23, 1929.

*W. H. Antes* and *Edwards, Longley, Ransier & Harris,* for appellant.

*Martin M. Cooney* and *D. D. Murphy & Son,* for appellee.

KINDIG, J.—The primary question involved in this case re-

lates to a former adjudication. That issue arises in the following manner:

On October 19, 1925, Allaway, the defendant and appellee, made payable and delivered to the Iowa Savings Bank of Oelwein a $5,000 promissory note, due on demand. Nine days later, that instrument, together with several others, was pledged by the Oelwein Bank to the Commercial National Bank of Waterloo, for the purpose of securing an indebtedness of $44,000, created by a loan made by the latter to the former institution. While said collateral was thus in the possession of the Commercial National Bank for the purposes aforesaid, the Iowa Savings Bank, supra, became insolvent, and on February 9, 1926, was taken over by the state banking department, and placed in the hands of a receiver. At the time that trust officer was thus appointed, the Iowa Savings Bank owed the Waterloo bank approximately $43,000, to secure which the latter institution held collateral notes then aggregating about $78,000 in par.

When the indebtedness which was secured by the pledge became due, demand was made on the Iowa Savings Bank of Oelwein and its receiver for the payment thereof, but the same was refused. Consequently, on March 9, 1926, the Commercial National Bank caused a sale to be made of the collateral paper thus pledged, including appellee's note. Such sale was had privately, and without notice, and conducted under and by virtue of and in accordance with the authority and terms of the pledge agreement. As a result, the Commercial National Bank purchased the pledged collateral, and became the owner thereof. Later, in December of the year 1926, the receiver of the Iowa Savings Bank commenced an action in equity in the district court of Black Hawk County, for himself and on behalf of the Iowa Savings Bank, against the Commercial National Bank, to recover the pledged notes, including appellee's. Basis for that proceeding was laid on the grounds that the sale above mentioned was invalid, and the Iowa Savings Bank, therefore, was the true and rightful owner of said collateral notes, because the purchase thereof by the Waterloo institution was not in good faith and for a fair price, but was fraudulent and wholly void; that the original pledge agreement between the Iowa Savings Bank and the Waterloo National Bank was without considera-

tion; that the officer who made the pledge did not have authority of the board of directors so to do; that the sale was conducted without notice; and that the purchase was made by the pledgee.

Accordingly, on August 15, 1927, that cause came on for trial, evidence was introduced, and full hearing had. This litigation resulted in the district court's finding that the plaintiff, the receiver aforesaid, wholly failed to prove the allegations of his petition, and the Commercial National Bank of Waterloo was adjudged to be the owner and holder of the said collateral, including appellee's note.

Then this action was commenced against the appellee, as defendant, to recover on the said $5,000 note. Appellee appeared therein and defended, on the theory that, on January 29, 1926, he paid $5,097 to the Iowa Savings Bank in full settlement of said note, and was then and there told that the instrument was out, and the bank would get it for him; whereupon a receipt was given for the money, with an agreement to deliver the note within a few days. Furthermore, that this set-off is now available to him because: First, the sale of the collateral to the appellant, Commercial National Bank, was not legally made, in good faith and for a fair price, but was fraudulent and wholly void so and to the extent that the note in question became the property of the Iowa Savings Bank and its receiver; second, the original pledge agreement between the Iowa Savings Bank and the Waterloo bank was without consideration; third, the officer who made the pledge did not have authority of the board of directors so to do; fourth, the sale was conducted without notice; and fifth, the purchase was made by the pledgee.

In reply, appellant set forth: First, the former adjudication arising out of the judgment and decree in the litigation aforesaid between the receiver of the Iowa Savings Bank and appellant; and second, the denial of the fraud. The district court disallowed the plea of former adjudication, and submitted the cause to the jury on the fraud issues.

It is now for us to determine whether or not there was error in this respect.

I. Appellant, at the outset, insists that the questions involving fraud, unfairness, and other matters relating to the illegality of the collateral note sale were each and all entirely ad-

judicated in its favor, through the former litigation between the receiver and itself.

Answering this proposition, the appellee contends that he was not a party to the so-called former suit, and hence not in any way bound thereby. He further urges that he is not in privity with the Iowa Savings Bank, and resultantly was not affected by the adjudication previously named.

No doubt the appellee had a right, in his answer, to deny that the appellant was the real party in interest. Were it not such party, it could not, of course, maintain the suit. But in this endeavor, the appellee cannot go so far as to have adjudicated, for the second time, a controversy that was settled by a former trial. Is such the result of this defense? An analysis of the allegations contained in the receiver's petition aforesaid and the answer interposed by appellee in this case will reveal an exact likeness in the subject-matter alleged. Also, the proof offered at the present trial shows that the officer making the assignment did have the authority of the board of directors, and that there was a consideration for the transaction. Likewise, it appears from the evidence that the appellant bank endeavored to sell the collateral elsewhere, but was unable to find a purchaser who would pay more than $20,000. Investigation disclosed that some of the notes were worthless, and many of them very doubtful in value. $25,000 was the purchase price paid by appellant for the pledged notes. Moreover, it does not appear that anyone would have given more for these instruments, or that the sale price was not the fair and reasonable value thereof, under the facts and circumstances revealed in the record. These facts and circumstances, in effect, correspond with the trial court's findings in the previous case between appellant and the receiver of the Iowa Savings Bank. So far, then, as the Iowa Savings Bank and its receiver are concerned, the adjudication certainly is complete. Can the appellee assert the fact thus found, in any way that the Iowa Savings Bank and the receiver could not? Manifestly not, so far as the issues here involved are affected. Each assertion thus made by appellee must have been for and on behalf of the Iowa Savings Bank and its receiver, because the appellee was attempting in the trial below to prove that the appellant was not the real party in interest, by showing that truly and legally the Iowa Savings Bank and its receiver were

such parties. To do this, it was necessary for appellee to become, for the time being, so far as his cause is concerned, the Iowa Savings Bank, or its receiver.

Hence, for all practical and legal purposes, appellee became the Iowa Savings Bank, or its receiver, in order to plead their cause in the premises. A higher right could not accrue to the appellee in this respect than that owned and possessed by the Iowa Savings Bank and its receiver. Should appellee succeed, it must be on the rights and properties of the Iowa Savings Bank and its receiver in and to the note in question. Appellee himself had no property in this note, which is in the hands of an innocent purchaser for value, because he is the maker thereof, and not the owner. The only interest he claims therein is the right to make an offset against it, provided that the same legally again became the property of the Iowa Savings Bank. Clearly, then, the adjudication which bound the Iowa Savings Bank and its receiver must, of necessity, in the instance here under consideration, bind appellee, because appellee in this proceeding is simply reasserting the same rights, equities, and properties as those which were advanced in the former suit.

Necessarily, in the present controversy, appellee must, in asserting his own claims, step into the position of the Iowa Savings Bank and its receiver, and there proclaim for them their (the Iowa Savings Bank and its receiver's) own ownership of the note. For, if appellant is not the real party in interest, it is because that bank and its receiver owned appellee's note.

Wherefore, the issues thus raised between the appellee and appellant were determined and decided in the previous equity proceeding between appellant and the Iowa Savings Bank and its receiver. This prior litigation resulted in an adjudication that appellant, and not the Iowa Savings Bank, is the owner of this instrument, and therefore the former, and not the latter, is the real party in interest here. One adjudication was sufficient to settle the question, and appellee is not entitled to a second hearing on the same issue, under the circumstances.

II. What has been said in the discussion about appellant's being the real party in interest applies very largely, under the facts in the case at bar, to its being a holder in due course. Not that the adjudication aforesaid determines that appellant is a holder in due course, as between itself and appellee, but rather,

that the prior judgment decided that, as between appellant and the Iowa Savings Bank, the former is the owner of the note. Notation is here to be made that the only reason, if any there is, asserted by appellee as to why appellant is not a holder in due course, relates to the proposition that the Iowa Savings Bank is the owner of said note. By such former judgment, ownership being established in appellant, as against the Iowa Savings Bank, appellee cannot controvert it for said bank, unless something has arisen since that time to impair the title; because it is to be remembered that appellee is not claiming the title in himself, or anyone else except the Iowa Savings Bank. Then, if it is not in the Iowa Savings Bank, it is in appellant. That former adjudication became, and now constitutes, a muniment of title equivalent to an uncontested or incontestable assignment.

So when the appellee here, in order to show that appellant is not the holder in due course, alleges and seeks to prove that the latter is not the owner of the note because the Iowa Savings Bank is such, the adjudication before mentioned becomes effective, especially in view of the fact that appellee, in attempting to show the defective title, utilizes the same and identical evidence for the Iowa Savings Bank which, on the former occasion, that institution presented for itself in the litigation leading up to the adjudication. Conclusion is thus reached, not so much on the theory of former adjudication as between appellant and appellee, but rather, upon the doctrine that the judgment in the litigation between appellant and the Iowa Savings Bank amounted to, and is, a "muniment of title" which appellee cannot deny or contest under the facts here presented. Furthermore, in order for appellee to successfully deny appellant's title in the premises, it is necessary for him to put himself in the place of the Iowa Savings Bank, and again argue its case, although there was a previous determination of that cause. The Iowa Savings Bank is bound because of the former adjudication, and appellee is concluded because that "adjudication" amounts to a muniment of title with which appellant is armed. Moreover, when appellant seeks to deny the same, it does so for the Iowa Savings Bank, and on the basis of that concern's title and ownership.

Resultantly, so far as this particular question of title is concerned, the adjudication between appellant and the Iowa

Savings Bank precludes the appellee (who is now contending for that bank) from saying that appellant is not a holder in due course, because of the ownership claimed in said financial institution. Nothing else is asserted by appellee as a reason why appellant is not a holder in due course. In fact, it is practically admitted by appellee that, if appellant is the owner of said note, it does; under the circumstances, become a holder in due course.

This appellant, therefore, should have had its motion for a directed verdict sustained, under the record here presented.

III. If, therefore, the appellant is such owner of appellee's note, it is certain that it can recover, notwithstanding appellee's defense that payment was made to the Iowa Savings Bank. That prior right in and through this negotiable instrument now held by appellant originated at the time of the pledge, and appellant's title is to be determined according to the equities existing at that time, assuming, of course, that the subsequent sale was, in all respects, legitimate and valid. Therefore, the fact, if it be such, that appellant knew of appellee's payment to the Iowa Savings Bank, before the sale, becomes immaterial, for the reason that there was no such knowledge at the time of the pledge; in truth, there could not have been, because at that date there had been no payment. Through the pledge, appellant became a holder in due course for the purposes of the collateral security, and nothing which transpired thereafter between appellee and the Iowa Savings Bank could change that result and that relationship. See *Voss v. Chamberlain*, 139 Iowa 569. Fundamentally, the purposes of the transaction between appellant and the Iowa Savings Bank were to effect a pledge for the security of a loan, and no action thereafter between the Iowa Savings Bank and appellee could in any way minimize, abridge, or change that status. Otherwise, appellant would be deprived of the benefits arising from its receipt of the note in the due course of business, before maturity, for a valuable consideration, and without the notice of any defects or outstanding equities. Section 9517 of the 1924 Code provides:

"A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

By the *Voss* case, supra, it was decided that the holder of collateral security is a "holder" of the instruments thus involved, in such a way as to be entitled to all the benefits of a negotiable transaction. Payment, then, to the Iowa Savings Bank did not in any way affect appellant's right to collect on appellee's note.

IV. While the predicament of appellee is pathetic, yet there seems to be no escape from his liability to appellant, notwithstanding the fact that he made a previous payment to the Iowa Savings Bank. *Shoemaker v. Minkler*, 202 Iowa 942; *Shoemaker v. Nodland*, 202 Iowa 945; *Shoemaker v. Ragland*, 202 Iowa 947. *Shoemaker v. Minkler*, supra, contains this applicable language:

"The law is well settled in this state that the payment of a negotiable promissory note to one other than the owner or his agent is at the debtor's risk. * * * Neither the notes nor the mortgages were exhibited to appellee at the time they were paid to Plumb, who stated that they were at his home, and that he would secure and deliver them to appellee. It was the duty of appellee to demand the surrender of the notes at the time of payment."

Similarly, *Shoemaker v. Ragland*, supra, suggests:

"The law is well settled in this state that the payment of a negotiable promissory note to a person other than the owner or his agent is at the debtor's risk."

When appellee deposited his money with the Iowa Savings Bank for the purpose of satisfying the note in question, he was told by the officers of that institution that the note was not with them, but that at some future time they would obtain it for him. Nevertheless, appellee intrusted the Iowa Savings Bank with his money. He did not demand the immediate production and surrender of the note. Nothing appears in the record to indicate or prove that the Iowa Savings Bank was the agent of appellant for the purpose of receiving such payment. Consequently, he acted at his peril, and brought himself within the doctrine announced in the cases just cited.

Wherefore, appellant is entitled to a new trial, and accordingly, the judgment of the district court is reversed.—*Reversed.*

ALBERT, C. J., and EVANS, STEVENS, FAVILLE, DE GRAFF, MORLING, and WAGNER, JJ., concur.