JOHN P. ENGELKE, Appellee, v. E. C. DRAGER, Appellant.

No. 41088.

DECEMBER 16, 1931.

Tinley, Mitchell, Ross & Mitchell, for appellee.

Kimball, Peterson, Smith & Peterson, for appellant.

DE GRAFF, J.—The record facts are not in dispute. It appears that on August 31, 1920, the defendant Drager executed the note in suit which in words and figures is as follows:

"$900.                    Council Bluffs, Iowa, Aug. 31, 1920.

"On or before the 1st day of January, 1922, for value received I promise to pay to Alice L. Graham or order, the sum of nine hundred and no/100 dollars, at the office of Robert B. Wallace Company, Council Bluffs, Iowa, with interest thereon from due at the rate of .............. per cent per annum payable annually.

"Unpaid principal and interest to draw 8 per cent interest after due. The makers and endorsers hereof each hereby waive presentation for payment, notice of non-payment and protest of this note. I also agree that if any collection fee is incurred, or if proceedings are commenced to collect this note by law, that a reasonable sum shall be allowed for collection and attorneys fees, and be included in the judgment rendered thereon.

"This note is secured by ..................................................................

"E. C. Drager

"Due Jan. 1, 1922"

Endorsements.

"Pay to the order of John P. Engelke, without recourse,

"H. B. Held

"Executor of Estate of Alice L. Graham, deceased.

"$.18 in stamps affixed and cancelled."

The farm lease was signed by E. C. Drager (defendant) and Alice L. Graham, executrix of the estate of Caroline J. Graham. This lease covered a parcel of land owned by the Grahams in Cass County, Iowa. The foregoing rent note was executed pursuant to the farm lease. The defendant-appellant testified that he received said lease through the mail, and that the lease when received was unsigned; that he signed the same and returned it to the Wallace Company; that when it came back from the Wallace Company it had the signature thereon of Alice L. Graham. The note in suit was paid in the office of the Robert B. Wallace Company in Council Bluffs, Iowa, two or three days before it was due, but at the time no profert of the note was made by the Wallace Company. It is stated by the appellant in his testimony that the Wallace Company would procure same and send it to the payor, Drager. With this promise there was no compliance.

The burden of proof was on the defendant-appellant to establish the fact alleged in his answer that, at the time of the alleged payment in December, 1921, Robert B. Wallace Company was authorized agent of Alice L. Graham to receive said payment. Ritter v. Plumb, 203 Iowa 1001; Shoemaker v. Minkler, 202 Iowa 942; Franklin Savings Bank v. Colby, 105 Iowa 424.

It was the legal duty of appellant when he made the alleged payment in December, 1921, to see to it that the Wallace Company was then in possession of the note maturing January 1, 1922. Wolford v. Young, 105 Iowa 512. It is undisputed in this case that the defendant Drager upon the signing of the lease and note in question had no dealings with Alice L. Graham, altho he knew that the Wallace Company did not have possession of the note, when he paid same. He paid without asking for the production of the note. In Ritter v. Plumb, supra, it is said:

"It is well settled that it is the duty of one making payment on a written obligation to another as agent to see, at his peril, that the one paid is in possession of the obligation, or, if not, the debtor must establish the authority of the one whom he pays, to receive payment."

See, also, Moron v. Tuttle, 211 Iowa 584; Shoemaker v. Minkler, 202 Iowa 942; Newhall Savings Bank v. Buck, 197 Iowa 732; Security Company v. Graybeal, 85 Iowa 543.

That the note in suit was payable at the office of the Robert B. Wallace Company did not authorize the company to receive payments, nor warrant the belief on the part of the payor that it was so authorized. Klindt v. Higgins, 95 Iowa 529; Buffalo C. L. & I. Co. v. Swigert, 176 Iowa 422; Huismann v. Althoff, 202 Iowa 70; Keene Five Cents Savings Bank v. Archer, 109 Iowa 419; Bank of Montreal v. Ingerson, 105 Iowa 349.

We recognize the rule that payment made to an accredited agent of the holder with power to receive such payment, is payment to the holder. Harrison v. Legore, 109 Iowa 618; Bissell v. Spring, 179 Iowa 1005; Sioux City Cattle Loan Co. v. Lovrien, 198 Iowa 296; Carr v. Benjamin, 207 Iowa 1139.

It appears, therefore, that the one question involved on this appeal is whether the Robert B. Wallace Company on December 27, 1921, at the time the alleged payment was made, had authority to receive the payment on behalf of Alice Graham on the note in suit. Did the appellant establish by competent proof any alleged agency to receive the payment? If nay, the appellant has failed to establish his contentions, and consequently the trial court was warranted, as a matter of law, in directing the verdict for the plaintiff-appellee. It may be noted at this point that the alleged payment was never admitted by the appellee, and that it is the contention of the appellee that not only was there no agency established to receive this payment, but that the payment was in truth and in fact not made as claimed in the defendant-appellant's answer. In the instant case there is no showing that the appellant E. C. Drager had any knowledge that the Robert B. Wallace Company had ever received or collected money which was due to Alice Graham, nor is there any showing which could have caused the appellant to form a belief on his part that the Robert B. Wallace Company had authority

to receive the alleged payment. There is no evidence that Alice Graham ever held Robert Wallace Company out as her agent to receive money due her, or that the conduct was such as to cause the appellant to make the alleged payment upon the note in suit. In the absence of such showing, under the legal principle announced in Ritter v. Plumb, supra, and the other cases cited herein, the alleged payment by the appellant, without demanding profert of the note, was made at his peril, and it would, therefore, not constitute a valid payment binding on the plaintiff.

We conclude, therefore, that the evidence is insufficient to sustain the alleged agency. The authority of the Robert B. Wallace Company to act as the agent of the Grahams in the collection of the note has not been established. Apparent authority is such when the principal knowingly permits the agent to assume, or when such principal holds him out to third parties as possessing, such authority. It is the conduct and acts of the principal and not of the agent that determine the question of apparent authority. Iowa Loan & Trust Co. v. Seaman, 203 Iowa 310, with cases cited.

The record discloses that the appellant, at the time he claims to have made payment, did so without relying in any manner on any act of Alice Graham's, and the record further shows that he had no other transactions with the Robert B. Wallace Company than the one involved herein. There was no express contract between Alice Graham and the Wallace Company authorizing the latter to receive payment on this particular note. Neither estoppel nor ratification is pleaded by the appellant. We have given the record a careful study, and we conclude that the Wallace Company had no authority, express or implied, to collect the note in suit.

The trial court was correct in directing a verdict for the appellee, and in conformity thereto entered a proper judgment.—Affirmed.

All Justices concur.