FRED C. FISHER, Appellee, v. MRS. MATTIE PRIDE, Appellant.

No. 44281.

JUNE 21, 1938.

Crissman & Bleakley, for appellee.

Bernard Stenzel, for appellant.

MITCHELL, J.—Fred C. Fisher commenced this action on a promissory note, which was sold to him by one W. C. Jordan, payee. Mrs. Mattie Pride, defendant, the signer of the note, filed answer, admitting execution and delivery of the note, and by way of defense alleged payment by her on or about the 6th day of October, 1933. A jury was waived and the case was submitted to the court, which returned a verdict in favor of the plaintiff in the amount of $200 plus costs. The defendant has appealed.

There is little, if any, dispute as to the facts. Mattie Pride made, executed and delivered a note in the amount of $250, payable to one W. C. Jordan and due on March 23, 1931. She paid $50 to M. L. Schuffman, and this amount was applied upon the note. It is the claim of appellant that on the 6th day of October, 1933, she paid to M. L. Schuffman the sum of $200 by executing and delivering to him her check, drawn on the First National Bank; said check was duly endorsed by Schuffman and paid by

the bank. The appellee, who is the transferee of the note, denies that any payments were received by him other than the $50 which was indorsed upon the note.

In the case of Engelke v. Drager, 213 Iowa 598, at pages 600, 601, 239 N. W. 569, at page 570, this court, speaking thru the late Justice De Graff, said:

"The burden of proof was on the defendant-appellant to establish the fact alleged in his answer that, at the time of the alleged payment in December, 1921, Robert B. Wallace Company was authorized agent of Alice L. Graham to receive said payment. Ritter v. Plumb, 203 Iowa 1001, 213 N. W. 571; Shoemaker v. Minkler, 202 Iowa 942, 211 N. W. 563; Franklin Savings Bank v. Colby, 105 Iowa 424, 75 N. W. 346.

"It was the legal duty of appellant when he made the alleged payment in December, 1921, to see to it that the Wallace Company was then in possession of the note maturing January 1, 1922. Wolford v. Young, 105 Iowa 512, 75 N. W. 349. It is undisputed in this case that the defendant Drager upon the signing of the lease and note in question had no dealings with Alice L. Graham, altho he knew that the Wallace Company did not have possession of the note, when he paid same. He paid without asking for the production of the note. In Ritter v. Plumb, supra, it is said:

" 'It is well settled that it is the duty of one making payment on a written obligation to another as agent to see, at his peril, that the one paid is in possession of the obligation, or, if not, the debtor must establish the authority of the one whom he pays, to receive payment.' "

In the case at bar there is not one single word of evidence to show that Schuffman, to whom payment is alleged to have been made, was the agent of the owner of the note, Fred C. Fisher. The note was not in Schuffman's possession, and, in view of the record before us, he had no authority to accept payment. The money never reached the hands of Fisher, the owner of the note.

It necessarily follows that the lower court was right, and that judgment and decree must be, and it is hereby, affirmed.— Affirmed.

ANDERSON, KINTZINGER, DONEGAN, HAMILTON, RICHARDS, SAGER, and MILLER, JJ., concur.